Peck, J.
delivered the opinion of the court.
In this case three principal questions have been raised and debated.
1. Does the case, as made out in the record, come within the provisions of the statute of frauds and perjuries?
2. Was the original execution and return thereon, be *65 ing a record of the court where the cause was tried, admissible evidence?
3. Were the admissions of the plaintiff in the execution that he had been paid by the sheriff the amount bid at the sale, proper to be received upon the trial.
As to the first, it is settled that a sale of real estate by the sheriff, is not within the provisions of the statute of frauds and perjuries. 2 Stark. Ev. 607: 2 John. Rep. 248: 8 John. 520: 4 Wheat. 89, n. The execution and return upon it becomes a link in the chain of title.— The return is a memorandum of sale by authority of law, and can always be made available to the purchaser; if good and available for him in procuring his title, he shall not be permitted to. question its efficacy by interposing the statute, when he is sought to be made liable as purchaser of the estate.
As to the second point, it hás been permitted to use the original papers in suits as records, when they were of the same court in which 'the trial was had. When first attempted it had been best to have rejected them, not because they were not the best evidence, but because of danger to the records of the country, doubting, as we do, the propriety of such a practice. We will, how'ever, not reverse for such a cause; the objection does not go to the merits. But it is said the return having been by the plaintiff, could not be evidence for him. The return when made on the writ, and that writ restored to the office whence it originated, as required by law, becomes a record; if, therefore, the returned writ of execution could be used, the return upon it could also. The return is not impeached; all the proof in the cause is consistent with it; it was made for the benefit of him making this objection; it is a link in his chain of title, and if he could use it, presented in this form as evidence for himself, for the same reason it may be offered (where the necessity for it arises) as evidence against him. This objection is therefore not sustained.
*66 Third objection: As to the admissibility of the ad- „ . . , -, missions of the plaintiff in the execution, that the money had been paid by the sheriff.
On the return of the execution the sheriff became bound for the amount bid at the sale; he was subject to a judgment on motion for it; independent of the evidence, the law supposes he had brought the ' money into court with the execution, as he was thereby commanded to do.
If the admission of payment would operate as an es-toppel against the party making it, and save the sheriff on motion for a judgment against him on the return of the execution, for the same reason the admission might be received as a mere make-weight, consistent with the return and duty of the sheriff to pay in compliance with the command in the writ; indeed, it may be said the evidence was plain without it. When offered, it stood with the admission of Nichoi that he had not paid the money. The evidence was no doubt offered out of abundant caution, and as far as it speaks any thing, it is only consistent with what the law inferred, to wit, that as Nichoi had not paid his bid, the other had done it for him, and thereby created Nichoi5s liability in this action.
The evidence could not have misled the jury, if it was even improper. But it is proper evidence (1 Phil. Ev. 53) in the form offered; it established the fact of payment of money by Ridley for the use of Nichoi.
Judgment affirmed.