Battle, J.
 

 The question presented in this case, is one of much practical importance, and we regret that the counsel were unable to refer us, on the argument, to gny adjudicated cases settling the principle upon which it ought to be decided. In the sale of chattels, it appears to be settled, at least in New Tork, that if the vendee refuse to receive and pay for the article, the vendor may, upon notice, re-sell it, and charge the vendee with the difference in the price, if it sell for less than it did on the first sale. It seems, that after a refusal to receive
 
 *373
 
 the article by the vendee, the vendor may, without taking any further care of the article, or by depositing it with a third person for his use, recover the whole price; and the right to resell and charge him with the difference in the price is given, for the reason that, it would be unreasonable to oblige him to let the article perish on his hands, and run the risk of the insolvency of the buyer. See the opinion of Kent, C. J., in
 
 Sands
 
 v. Taylor, 5 John. Rep. 411, Sedg. on Dam. 282.—Whether this rule would apply as between the vendor and the purchaser of lands in ordinary cases, it is not necessary for us to decide, as we do not think it can be applied to the case of a j udicial sale, made under circumstances like the present. In the case of
 
 Tate
 
 v. Greenlee, 4 Dev. Rep. 149, it was decided by this, Court, that a sale of lands by the sheriff, under execution, was not within the act of 1819, (Eev. Code, ch. 50, sec. 11,) making void parol contracts for the sale of lands. Gaston, J., in delivering the opinion of the Court, after admitting that the act was broad enough in its terms to embrace the case of a judicial sale, proceeded to show, conclusively, that such a sale could not have been in the contemplation of the Legislature. “To give validity to the contract,” he says “it is required that the same, or some note, or memorandum thereof, should be signed
 
 by the party to be charged
 
 therewith, or his authorised agent. Now, injudicial sales, who'is the party to be charged as vendor? Can the sheriff be regarded as such a party? The sheriff is a public officer, acting in obedience to an execution, commanding him in the name of the State, to cause to be made, of the property of a delinquent debtor, a sum of money judicially ascertained to be due to his creditor. A levy, by the sheriff, on the land of the debtor, divests neither the possession nor the estate of the debtor. In making the sale, the sheriff acts as a minister of the law, in obedience to its mandate, and in execution of the authority which that mandate confers upon him over the property of the debt- or. The State or the law, sells by its agent, the sheriff.” After some further remarks, he says, “These considerations lead me to the result, that the sheriff cannot claim the pro
 
 *374
 
 tection of this act against a purchaser at an execution sale paying the price of his purchase, and demanding a conveyance. lie cannot, because such a sale, is not within the meaning of the act. The converse of the proposition necessarity follows; neither can the purchaser set up this act as a bar to the demand of the sheriff for the purchase money, the sheriff tendering a conveyance of the property.”
 

 It was thus decided that the sheriff' might sue the purchaser for the price, and recover the full amount of his bid. But suppose he does not pursue that course, but on the contrary, makes a special return of the fact that he has advertised and sold according to law, and that the purchaser refused to pay his bid, and thereupon a
 
 venditioni exponas
 
 is sued out, under which, he sells the land to another person at a less price; upon what principle is it that he can sue the first purchaser in his own name for the loss on the second sale ? If he be allowed to recover, who will be entitled to the money? By suing out the
 
 venditioni
 
 exponas, the creditor treats the debtor as still the owner of the land, and he relies upon that for the payment of his debt. After the return of the execution, the sheriff has no longer any power to sell the land, until he is authorised to do so by new process. If he has any claim against the former purchaser, it can be only a chose in action, which, of course, the creditor cannot reach, without violating all the principles and analogies of the law. If, then, the sheriff be permitted to recover, it must be either for his own use, which cannot be well supposed, or for the benefit of the debtor, which would also be a strange result, which the law never contemplated. The truth is, the law' has given the sheriff a plain remedy against a refractory bidder, and if he, whether with or without the concurrence of the creditor, will not pursue that, the law will give him no other. Nor can the reason assigned by Chief Justice KeNT for giving the vendor of chattels a right to re-sell, and look to the vendee for any loss upon it, apply to the sheriff when selling lands. The property cannot perish on his hands, while he is pursuing his remedy against the purchaser, who may become insolvent.
 

 
 *375
 
 Upon principle, tlien, it would seem that the present action cannot be sustained; and no authority has been produced in support of it. After a diligent search by the counsel for the plaintiff, he tells us that the only case which he can find re-rosembling the present, is
 
 Miretta
 
 v. Dent, 2 Bailey, (S. C.) Rep. 291, which is referred to in the the third volume of U. S. Digest, p. 376, see 443. The note of it, as contained in the Digest, is that, “"Where a purchaser, at sheriff’s sale, fails to comply with the conditions, the sheriff may immediately resell, and the first purchaser is liable for the difference between the first and second sale.” We regret that the volume which contains the report of the case is not in our library, and we therefore cannot tell whether the sale was of a real, or chattel property, and it manifestly differs from our case, in the fact that, the re-sale was made immediately. We cannot, therefore, regard it an authority, in opposition to the conclusion to which, we think, principle leads us. We concur in the opinion of his Honor in the Court below, that the action cannot be maintained, and the judgment is affirmed.
 

 Per CubiaM, Judgment affirmed.