CASE 36—MOTION—FEBRUARY 28.

# Watson's administrator, &c., vs. Violett.

APPEAL FROM MARION CIRCUIT COURT.

1. A sale of land by a commissioner, under decree of a court, does not come within the statute of frauds, and the sale is valid without writing.

2. A purchaser at a commissioner's sale of land, who resists the execution of his purchase, and induces a decision by the court that the sale was void under the statute of frauds, cannot, when called on to pay the difference between his bid and the price for which the land was afterwards sold, resist a judgment on the ground that the first sale being valid, the second sale was improper.

Watson's administrator, &c., vs. Violett.

3. A purchaser cannot set aside a judicial sale because the commissioner did not advertise at the place required by law.

W. B. HARRISON for appellants.

T. C. WOODS for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The sale of the land had been ordered by the chancellor, and Violett bid it off at the commissioner's sale. He failed to execute the bonds for the purchase price, which the commissioner reported to court. The court, on motion, awarded a rule against Violett to show cause why he did not execute the bonds and take the land; to which Violett appeared and successfully resisted the motion, the court seeming to be under the impression that such sales were embraced by the statute of frauds and perjuries.

Another rule was awarded against Violett to show cause why judgment should not be rendered against him for the difference in the amount he bid and for which it afterwards sold; and which motion he also successfully resisted in the court below, and from which this appeal is prosecuted.

It has been decided by this court, as well as courts of some of our sister States, and by the English courts, that such sales do not fall within the provisions of said statute. It does not, in terms or spirit, embrace sales made by decrees of courts.

It is now objected by Violett, that, as appellants had the land resold, they cannot recover. But this resale was not until after Violett had, by his own conduct, induced the court to adjudge he was not bound to take the land. This gave appellants the right of resale, of which Violett cannot justly complain.

As the land lacked some $12 50 per acre of bringing, at the second sale, what Violett had bid for it, he should be held responsible for this loss unless he can show some legal excuse for not taking it—such as defective title, or some other equivalent. The failure of the commissioner to advertise at one of the designated places is certainly no excuse for the purchaser; it done him no wrong. If the appellants had presented this as an objection to the confirmation of sale, and

showed that, by reason of such non-publication, they were injured, there might have been something in it.

The judgment is reversed, with directions to the court below for further proceedings in conformity to this opinion.