CHIEF JUSTICE LINDSAY
delivered the opinion or the court.
The sheriff of McCracken County, under and by virtue of various executions against the Linn Boyd Tobacco Warehouse Company, levied on the right of redemption held by said company in certain real estate situated in the city of Paducah. After due advertisement he offered said right for sale, and appellee Terrill bid therefor $11,050, and it was stricken off to him. He refused to execute to the,sheriff the necessary sale-bonds, and thereupon the property was readvertised, and on the succeeding county-court day was sold to the then highest bidder for the sum of $9,000. In the sheriff’s return upon the executions no mention whatever was made of the uncompleted sale to Terrill.
The warehouse company instituted this action in ordinary against Terr.il!, and, after setting out the above-recited facts, *465 asked judgment for the difference between his bid and the sum for which the property finally sold. A general demurrer was sustained to the petition. The company then offered to amend by stating that at the time the bid of Terrill was accepted, “ a memorandum in writing of the sale was made by the sheriff and signed by the defendant, by the sheriff as agent of defendant.” This amendment was refused, and appellant failing to plead further, its petition was dismissed.
This appeal involves the single question as to whether or not the petition and the proposed amendment set out facts constituting a cause of action?
Where a contract for land is executory on both sides, it is necessary that the sale and the price shall both be evidenced by a memorandum in writing signed by the vendor, and it has been intimated that the undertaking of the vendee should also be evidenced by a properly-executed writing. (3 Litt. 262; 3 J. J. Mar. 443; 6 B. Mon. 106; 1 J. J. Mar. 387.)
And when, as in this case, the vendee has received no benefits whatever under the purchase, and the vendor has not bound himself by the execution of the necessary memorandum in writing, his (the vendee’s) note for the agreed purchase-price will be treated as non-enforceable for the want of a legal consideration. (Curnutt v. Roberts, 11 B. Mon. 42.)
The sheriff, who, for the purpose of raising money by the sale of the judgment debtor’s lands, is the legal agent and representative of the plaintiff and defendant in the judgment and also of the accepted bidder in an execution sale, had the right to bind all the parties by his return on the execution. And we do not doubt that his return of the facts attending the purchase by Terrill would have taken the case within the 6th sub-section of the 1st section of our present statute of frauds, and have bound all the parties by an enforceable executory contract.
Appellant insists that execution sales, like judicial sales, *466 are not embraced by the statute of frauds. But there is this substantial difference between these two classes of sales: in the first, it is in the nature of a contempt for the accepted bidder, without reason to refuse to complete his purchase; and this contempt he can purge in no other way than by executing the necessary bonds, or by showing that he acted in good faith, and is unable to comply with the terms of the sale. But the refusal to comply with a purchase made at an execution sale involves no contempt of court. And in addition to this, the proceedings to compel the purchaser at a judicial sale to complete his purchase are founded on the written report of the commissioner of the court, who has the power, like the sheriff or the auctioneer at a private sale of real estate, to execute the necessary writings to bind all the parties in interest, and therefore the statute of frauds can not be successfully interposed by the recusant bidder; and the case of Watson’s administrator v. Violett (2 Duv. 332) might well have been made to rest on the fact that the sale in that case was evidenced by the report of the commissioner. In this case the sheriff not only failed to make the necessary memorandum in writing, but disregarded the sale to Terrill, and resold the property, and made the proper return as to his second sale, and thus put it out of the power of Terrill, in any contingency, to demand the completion of the sale to him. It is true the proposed amendment states that the sheriff did make and sign a written memorandum ; but it is not alleged that this memorandum is incorporated in his return on the execution, and the exhibits filed with and referred to in the petition show that it was not so incorporated. To bind the parties, the sheriff must act officially, and his private memorandums of execution sales not made part of his official returns, are like the private papers of any other individual, and can not be allowed to compromise the rights of any one.
It was not necessary to require Terrill to plead and rely on *467 the statute of frauds. The petition and exhibits show the want of the necessary writing, and hence the question could be raised by demurrer.
Whether a party who officiously intermeddles at a sheriff’s sale of real estate, and, without any intention of complying with the terms, bids more than any one else, and thus defeats a sale to a bona fide bidder then present, and renders necessary a second sale, at which the property sells for a smaller sum than would have been realized at the first, except for his interference, can be held to answer in damages for his wrongful conduct, independent of the return of the sheriff, we need not decide, as no such state of facts is charged against Terrill.
Judgment affirmed.