## HARRY SKINNER v. ALLEN WARREN, Sheriff.

*Sheriff—Execution Sale—Purchaser.*

A sheriff, having executions in his hands in favor of A., B. and C., levied on the lands of the debtor, and advertised the same for sale according to law at a regular term of the court. Afterwards, at the request of the debtor, and with the concurrence of the attorney of A. and B., he sold the land on another day, without notice to C., and after but two days advertisement. Said attorney became the purchaser, and, on refusal of the sheriff to make him a deed, obtained from the court below a rule absolute for such conveyance, from which the sheriff appealed ; *Held,*

(1) That it was the duty of the sheriff to advertise and sell in such a way as to bring the most money for all the creditors. ·

(2) That this duty was not discharged by a sale on two days notice without the knowledge or concurrence of C.

(3) That the purchaser, being implicated in the sheriff's dereliction, was not entitled to call for a conveyance.

(*Hill* v. *Whitfield*, 3 Jones, 120 ; *Crews* v. *Bank*, 77 N. C., 110 ; *Banks* v. *Banks, Ibid.*, 186 ; *Patrick* v. *Carr*, Winst. Eq., 87 ; *Tate* v. *Greenlee*, 4 Dev., 149 ; *Grier* v. *Yontz*, 5 Jones, 372, cited and approved.)

RULE on a sheriff heard at Spring Term, 1879, of PITT Superior Court, before *Seymour, J.*

The plaintiff obtained a rule on the defendant sheriff to show cause why he would not execute a deed to plaintiff for certain lands bought at execution sale. The facts set out in the answer to the rule are substantially embodied in the opinion. Upon the hearing in the court below the defendant was ordered to execute the deed. From which judgment the defendant appealed.

*Messrs. Gilliam & Gatling*, for plaintiff.
*Mr. W. B. Rodman*, for defendant.

DILLARD, J. The defendant in answer to a rule served on him by plaintiff, a purchaser of land at execution sale, to

show cause why he should not be ordered to execute a deed, for cause showed in substance:

1. That he had in his hands at the same time three executions against W. G. Little, one for Vaughn, Barnes & Co. for $86.82, one for Lewis Webb for a sum not mentioned, and one for Weisenfeld, Stern & Co. for $1,109.00, all returnable to spring term, 1879, of the court to be holden on the 3rd Monday in March; and under all three he had advertised a sale of the lands of the debtor, except so much as was covered by the homestead, at the court house at the term of the court.

2. That after the advertisement of the sale as aforesaid, the debtor, Little, requested the defendant to sell the tract of land claimed by the plaintiff on the 6th of January instead of at the term of the court in March, and offered to waive the thirty days advertisement required by law, and to give his assent thereto in writing, and the defendant yielded, he avers, upon the spur of the moment and without reflection, not thinking the sale would injure any one; and accordingly he put up the land to sale on the 6th of January after it had been advertised but two days; and the same was bid off by the plaintiff who was counsel of all the plaintiffs in all the executions, except Weisenfeld, Stern & Co.

3. That the land knocked off to plaintiff was covered, or a portion of it, by the homestead of the debtor, of which he was ignorant at the sale.

4. That the creditor, Weisenfeld, Stern & Co., had no notice of the sale on the 6th of January, and never gave any assent thereto.

His Honor held the cause shown insufficient, and ordered the defendant to execute a deed to the plaintiff, from which order the appeal is taken.

The sheriff with the three executions in his hands as the minister of the law owed obedience to the mandates thereof, and in virtue of the power with which he was clothed.

thereby, he was authorized to raise the money commanded to be made, by the sale of the real estate of Little, the debtor, guided by the law in the exercise of his powers, and responsible for his acts to the creditors, or the debtor, or to the purchaser. In selling under the executions, it was the duty of the sheriff to observe the directions of the law in regard to the advertisement of the sale, and the time and place thereof; and in all things so to conduct it as to raise the largest amount of money out of the property. But whilst a literal conformity to the terms and forms prescribed is expected of the sheriff in the execution of his powers, an exact observance of his official duties is dispensed with as to purchasers, who would never become bidders if they were to be affected by every departure from the strict directions of the law by the sheriff. And hence it is, that on the occasion of a sale of the land of Little on the 6th of January, after but two days advertisement, the purchaser, if acting *bona fide* himself, would be unaffected by the irregularity of the sheriff in this or any other respect, anterior to the sale. In such a state of things, the deed of the sheriff to the plaintiff, had he executed one, would have passed the title; or if he had declined to execute one, on a rule on him, no good cause could be shown against a compulsory order on account of such irregularity alone.

But suppose that after legal advertisement made of a sale at the term in March, as was done, the sheriff at the instance of Little, the debtor, and on his written waiver of the thirty days advertisement put up the land on the 6th of January on but two days notice instead of thirty and knocked it down to the plaintiff, and this violation of duty was known to or could not but have been known to Vaughn, Barnes & Co. and Lewis Webb or the plaintiff their attorney, while Weisenfeld, Stern & Co. had no notice as the sheriff sets forth in his answer, was the fact; then, the deed of the sheriff if he made one might avail of course to pass the estate, but

it would be liable to be set aside or held invalid, except for the sum bid, at the suit of Weisenfeld, Stern & Co.  *Hill* v. *Whitfield*, 3 Jones, 120; *Crews* v. *Bank*, 77 N. C., 110; *Banks* v. *Banks, Ibid.*, 186.

But in case of a refusal to execute the deed on a sale under the circumstances last supposed, what would be the effect of such an irregularity on a rule against the sheriff to compel him to make a deed?  The contract of sale by and between the sheriff and the plaintiff as the last and highest bidder on the 6th of January, without doubt conferred reciprocal rights on the parties; on the sheriff, the right to tender a deed and demand the money, and if not paid to sue for it; and on the plaintiff as purchaser, to tender the money and demand a deed, and if not executed to have a rule in the cause on the sheriff to compel him to make the deed.  *Patrick* v. *Carr*, Winst. Eq., 87; *Tate* v. *Greenlee*, 4 Dev., 149; *Grier* v. *Yontz*, 5 Jones, 371.

The three execution creditors had all of them an interest in the sale of the land advertised to come off at court on the 3rd Monday in March, and each of them ought to have had opportunity to be present at the sale and see that it was fair and the price adequate.  But the answer to the rule shows that Vaughn, Barnes & Co. and Lewis Webb or their attorney of record knew of the change of the time of sale to the 6th of January; whereas Weisenfeld, Stern & Co., the lien of whose judgment we take it was the junor one, had no notice whatever; and the defendant says he acceded to the arrangement proposed by the debtor without reflection and without its occurring to him that Weisenfeld, Stern & Co. would be injured by it, and therefore for this reason amongst others he refused to make the deed.

Taking these facts set out by the sheriff to be true, and they are not denied by the plaintiff, there was a plain violation of official duty, and it was known to two of the creditors or to their attorney of record; and therefore they are

to be taken as abettors in the breach by the officer to the probable prejudice of Weisenfeld, Stern & Co., who had no notice. And under the circumstances it seems to us the court ought not to uphold the sale and compel the sheriff to complete by his deed an incipient wrong into which he thoughtlessly entered.

Ordinarily if a stranger buy at a sheriff's sale he has a right to assume that the sheriff has done his duty in all things anterior to the sale, and on that basis he has the right to have a deed; and on a rule against the sheriff as the officer of the court, it would be compelled; but in this case the debtor presented the remarkable spectacle of wishing his land sold without the legal notice, and in his anxiety gave on the day of sale a written dispensation of the thirty days advertisement and assented to a sale on but two days notice, when it was immediately put up and struck off to the plaintiff, the attorney of Vaughn, Barnes & Co. and Lewis Webb, who knew of the change in the day of sale, at the nominal sum of twenty-five dollars.

Under these circumstances evidently, Little the debtor was proposing some advantage to himself, and what that was, we are left to conjecture from the results of the sale which was immediately had. The land was struck off to the plaintiff at an insignificant sum, and the transaction would seem to indicate that t e proposed benefit was to accrue through the purchase that was made, and according to previous arrangement. It sufficiently appearing that there was a violation of duty by the sheriff and that the same must have been known to the plaintiff, a deed if made would be set aside at the suit of Weisenfeld, Stern & Co. for the purpose; or not being made, will not be coerced by an order of the court, and ought not to be.

The sheriff having unintentionally begun an injustice to Weisenfeld, Stern & Co. by a sale of land on two days advertisement and without notice to them, ought surely to be

allowed to draw back; and no court ought on a rule to compel him to consummate the wrong, by executing a deed to the purchaser who knew of and abetted a breach of duty and now claims a benefit under it.

In our opinion the cause shown by the defendant in answer to the rule served on him, was sufficient; and we hold there was error in the judgment of His Honor in requiring the defendant to execute a deed to the plaintiff, and the same is reversed. Let this be certified, &c.

Error.                                                    Reversed.