# NATHANIEL S. STEARNS *v.* A. B. EDSON.

*Sale of real estate upon execution.   Statute of frauds.   Purchase price.   Failure of consideration.   Delay in delivering deed.*

1.  The return of the officer upon an execution of the sale of real estate is a sufficient memorandum within the statute of frauds to enable such officer to sustain an action for the purchase price.

2.  The fact that real estate, sold upon execution at public auction under No. 138, acts of 1884, has, between the date of the sale and the tendering of the officers' deed, gone upon a decree of foreclosure, does not excuse the purchaser from the payment of the purchase price, where the existence of the mortgage, but not its foreclosure was disclosed at the sale.

3.  Neither does the fact that the officer neglected for three months, after the time limited by that statute, to tender a deed of the premises; at least if the purchaser has not been prejudiced by the delay.

Assumpsit.   Heard upon the report of a referee at the September term, 1890, Taft, J., presiding.   Judgment for the plaintiff.   The defendant excepts.

The case appears in the opinion.

*Butler & Moloney,* for the defendant.

A contract made under a misapprehension of facts cannot be enforced even though made with a deputy sheriff in the course of an execution sale.   *Maynard* v. *Maynard,* 49 Vt. 297; *Gibson* v. *Vail,* 53 Vt. 476; 1 Sto. Sales 539, §615; *Thrall* v. *Newell,* 19 Vt. 208.

The consideration entirely failed.   *Marvin* v. *Jarvis,* 20 N. Y. 226.

The officer did not seasonably make the deed; and when he

did finally make it there was nothing to convey. Wood Fr. § 268, p. 456.

The case falls within the statute of frauds. The sale was of an interest in land and there was no written memorandum to support it. R. L. § 981; Wood Fr. 727; *Harvey* v. *Stevens*, 43 Vt. 653; *Davis* v. *Farr*, 26 Vt. 592; *King* v. *Smith*, 33 Vt. 22.

The return of the officer was not sufficient. *Murray* v. *Chadwick*, 52 Vt. 293.

*Geo. E. Lawrence*, for the plaintiff.

A sheriff's sale on execution is not within the statute of frauds. *Hyskill* v. *Givin*, 7 Sarg. & R. 369; *Emley* v. *Drum*, 36 Pa. St. 123; *Nichols* v. *Ridley*, 5 Yerg. 63.

If it is, the officer's return is a sufficient memorandum. Freeman Ex. § 299; *Hanson* v. *Barnes*, 3 G. & J. 359; *Secrist* v. *Twitty*, 1 McMull. 255; *Gordon* v. *Sims*, 2 McCord 151; *Hand* v. *Grant*, 13 Miss. 508; *Endicott* v. *Penny*, 22 Miss. 144; *Tate* v. *Greenlee*, 4 Dev. 149; *Armstrong* v. *Vrooman*, 11 Minn. 220; *Emley* v. *Drum*, 35 Pa. St. 123.

A purchaser cannot rescind a sale unless he can return the property *in statu quo*. Benj. on Sales, § 605, note 2 and cases cited; *Hammond* v *Buckminster*, 22 Vt. 375; *Poor* v. *Woodburn*, 25 Vt. 234; *Ricker* v. *Adams*, 59 Vt. 154; *McCrillis* v. *Carlton*, 37 Vt. 139. This the defendant cannot do, for through his remissness the equity of redemption has expired.

The opinion of the court was delivered by

TYLER, J. The material facts in this case are as follows: Dunn & Crampton, having a demand against Christ's Church and others, brought a suit upon it for its collection. The writ was served by the plaintiff as deputy sheriff by attaching certain real estate of the debtor situated in the village of Rutland, and was returned to the September term, 1887, of Rutland County

Stearns *v.* Edson.

Court, at which term the plaintiff in that suit recovered a judgment against the defendants therein for $219.48 debt and costs. Execution was duly issued and delivered to the plaintiff as deputy sheriff to serve and return, who served the same by levying upon and selling five undivided sevenths of the equity of redemption of the execution debtors in the real estate that had been attached upon the writ, the defendant in this suit bidding off the same for $250, the amount required to satisfy the execution and the costs of the levy and sale. The execution was dated Oct. 11, 1887, was delivered to the plaintiff November 3d and the sale thereon was Jan. 21, 1888, having been adjourned from January 14th. The execution with the officer's return was recorded in the town clerk's office January 26th and was returned and recorded in the county clerk's office on the same day. After the attachment by Dunn & Crampton, one Drury brought suit and attached the same land and obtained judgment against the same defendants at the September term, 1887, and execution was issued and delivered to the plaintiff for service. When Dunn & Crampton's attachment was made M. & H. O. Edson held a mortgage upon the same land which they foreclosed at the September term, 1887, of the Court of Chancery for Rutland county, making Christ's Church and both of the attaching creditors parties to the suit, and obtained a decree against all the defendants in the suit for $1,145.42, with one year's equity of redemption from Oct. 10, 1887. This defendant did not pay the $250 which he bid for the land at the sheriff's sale; and neither of the attaching creditors redeemed the premises or paid any part of the decree. May 14, 1888, the defendant purchased Drury's judgment and execution, but did not cause the execution to be levied, and in the following October he purchased the decree of foreclosure and took a quit-claim deed of all the interest in the premises that M. & H. O. Edson acquired by their mortgage and decree. On the occasion of the sale on the execution the plaintiff made known the existence of the mortgage and the amount

due upon it but did not state that it had been foreclosed and the time of redemption fixed. Afterwards and before the equity expired the defendant learned that the mortgage had been foreclosed, but did not learn that a decree had been made until after the right to redeem had expired. He lived in the village of Rutland near the county clerk's office, was brother of H. O. Edson, one of the mortgagees, was his partner in business and in constant business intercourse with him. The referee states that upon inquiry the defendant might easily have ascertained when the right to redeem expired. After the sale the plaintiff told the defendant that as the execution debtor had six months in which to redeem the land and the money would not be paid to the creditor until after that time, he, the defendant, could have all the time he required to pay the $250. Nothing further was said between them until the next November, when the plaintiff demanded of the defendant the amount of the bid, informed him that he had a deed ready to execute and invited him to go to the plaintiff's office and have it executed and delivered. The defendant replied that he had all the deed he wanted, refused to accept the one offered or to pay the amount of his bid. The plaintiff has always been ready to execute and deliver the deed upon the defendant's payment of the $250.

Three grounds of defence are claimed to this action: first, that the contract, being for the sale of an interest in land, was void under the statute of frauds, not being in writing; second, that the omission of the plaintiff to make known the facts at the sale that the mortgage had been foreclosed, a decree made and the time of redemption fixed, operated as a fraud upon the defendant. It is furthermore insisted that the deed was not seasonably made and tendered to the defendant.

1. It is laid down in Freeman on Ex. s. 335, that in ordinary circumstances there is no warranty of title and that the officer has no authority whatever, in his official capacity, to make any warranty or any representations concerning the

Stearns *v.* Edson.

title. In the *Monte Allegre*, 9 Wheat. 645, where a marshall sold personal property at auction by an order of court, it is held that while acting within the scope of his authority he could not be considered as warranting the property ; that he was merely a minister of the law and that his whole duty was to give the purchaser a fair opportunity to make examination and inquiry in regard to the nature and condition of the property. This subject is discussed in *Goodbar, White & Co.* v. *Daniel*, 88 Ala. 583. (16 Am. St. Rep. 76,) where it is said that the question whether a purchaser at a sheriff's sale will be relieved from the effect of his bid on its being made to appear that the execution debtor had no title whatever to the thing supposed to be sold, or whether his bid is an irrevocable satisfaction of the judgment to the extent of the sum bid at the sale, is one on which the authorities are about equally divided. Freeman on Judg. s. 478 ; 2 Freeman on Ex. s. 54. In *Armstrong* v. *Vroman*, 11 Minn., 220 the court said, " The sheriff may very properly be considered as invested with a trust by law to sell the estate, which he has full power and is bound to perform for the benefit, not only of the creditors of the owner, but likewise for the owner himself."

It seems to be generally held that in sheriff's sales on execution the officer is not a party who can be charged as vendor; that he acts as a public officer, as a minister of the law in obedience to its mandate and in the execution of the authority which that mandate confers upon him over the property of the debtor ; that the state or the law sells the property by its agent, the sheriff ; that therefore the rule of *caveat emptor* applies in such sales ; that the purchaser bids off the property at his own risk and that upon any failure of the title he has no relief from the payment of his bid but by a resort to the court of equity. *Tate* v. *Greenlee*, 4 Dev. (N. C.) 149. See notes and cases cited in *Lewark* v. *Carter*, 117 Ind. 206, ( 3 L. R. A. 440 ), where the rule of *caveat emptor* as applicable to judicial sales and sales on execution is fully discussed.

*Greer* v. *Wintersmith*, 7 Am. St. R. 613. In some of the states it has been held that this rule does not apply, and that a purchaser at a sheriff's sale on execution is not bound to pay his bid when it turns out that the title is defective. In the decision of this case it is not necessary strictly to follow either line of authorities, for the defendant was apprised by the plaintiff of all the material facts relative to the title, namely, the existence and amount of the mortgage. This knowledge was sufficient to put him on inquiry whether or not the condition of the mortgage had been broken, and whether proceedings had been instituted for the purpose of having the time limited for the redemption of the premises. Having been informed of the mortgage, it would have been natural for the defendant to have ascertained how long it had to run. He seems to have entered upon such an inquiry, for he learned that foreclosure proceedings had been commenced, but did not pursue the matter to the extent of ascertaining whether or not the purpose of the foreclosure had been accomplished by obtaining a decree. The referee does not find that the defendant would have acted differently in any respect had he been informed by the plaintiff at the sale that the time of redemption under the mortgage had been fixed by a decree, or that he suffered loss because that information was not furnished him.

2. The general current of the authorities cited by the plaintiff's counsel, is to the effect, that a sheriff's sale must be supported by a memorandum, sufficient within the statute of frauds, yet it has often been held that that statute has no application whatever to the sale of real estate by process of law; that a compliance by the sheriff with the requirements of the statute is sufficient. Under our former statute, R. L. 1573, an execution extended and levied upon real estate, with the return of the officer thereon, duly returned and recorded, made a good title to the creditor as against the debtor in such execution; but the authorities that require a memorandum in such sales, are uniform

in holding that the sheriff's return upon the execution meets the requirements of the statute in that respect.

The execution creditor first created a lien upon the land by attaching it on the original writ, which lien was continued after judgment by levying the execution upon it. The execution and sheriff's return thereon became a link in the title. The return is a memorandum of the sale by authority of law. It would have been available to the purchaser in obtaining his title, and it should be equally available to the officer in collecting the price for which the property was sold.

3. Sec. 10, No. 138, laws of 1884, does not require that the sheriff shall tender, or have ready to tender, a deed of the land until the expiration of six months and fifteen days after the sale. It evidently contemplates that it should be ready for delivery at that time, because it provides that if the premises are not then redeemed by the mortgagor or the subsequent attaching creditors, the officer shall thereupon deliver the deed to the purchaser, while if it is redeemed, he shall destroy the deed and repay the purchaser. If the deed had been offered and accepted, and the $250 paid at the time fixed by this section, the defendant, in order to protect his interest, must have paid the amount of the Edson decree. When the deed was offered to him on Nov. 7th, he had purchased that decree, so his relation to the property was not changed by the plaintiff's delay in offering him the deed. His liability to pay the $250 was established when the land was struck off to him at his bid of that sum at the sale, and the plaintiff's neglect for three months to demand the money and offer a deed, could not operate to release the defendant from that liability. He apparently undertook to obtain title to the land by buying in the several claims upon it. When called upon to pay his bid he was naturally content to rest upon the title that he had acquired under the decree, which he purchased after the equity of redemption under it had expired.

*Neither ground suggested is sufficient for a reversal of the judgment, and it is affirmed.*