W. D. WOODRUFF, SHERIFF, v. PIEDMONT TRUST COMPANY.

(Filed 16 May, 1917.)

1. **Statute of Frauds—Judicial Sales—Sheriffs—Principal and Agent.**

A sheriff at an execution sale of lands under a judgment, by public outcry by his auctioneer, acts as agent for all parties therein interested, including the purchaser, and a memorandum made by him on the execu-

tion at the time of the sale of the purchaser thereat, and the price, with description of the lands in the execution, is sufficient memorandum of the transaction within the meaning of the statute of frauds.

**2. Judicial Sales—Mortgages—Judgments—Equity of Redemption—Priorities.**

A mortgagee of lands, purchasing at an execution sale under a judgment to which he is a stranger, sold subject to his mortgage, can acquire only the equity of redemption (Rev., sec. 629 (3)), subject to the judgment debt.

APPEAL by plaintiff from *Ferguson, J.,* at January Term, 1917, of WILKES.

This is an appeal from a judgment of nonsuit in an action by the plaintiff as sheriff of Wilkes to require the defendant to comply with its bid for certain real estate purchased at execution sale, under three executions issuing from the Superior Court of said county.

It is in evidence that the auctioneer, who was employed by the plaintiff, gave notice before crying the sale that it was made by virtue of certain executions against M. M. Absher levied on the excess over the homestead, which had been duly allotted, and was made subject to a deed of trust of $6,000 to the defendant trust company, and also to a mortgage for $2,000 to one J. H. Johnson. At this execution sale E. C. Willis, who was attorney representing the Piedmont Trust Company, became the last and highest bidder, which was announced by the auctioneer and was entered by the sheriff upon his return of execution. The sheriff applied to. Willis for payment, who stated to him that he was purchasing not for himself, but for the Piedmont Trust Company. The plaintiff thereupon executed and tendered the deed to E. C. Willis as agent of the Piedmont Trust Company and demanded payment of the bid. Willis declined to make payment, but asked that his bid ($4,500) should be credited on the debt due his client, which was secured by the trust deed. The counsel for the creditors asked that the sheriff resell the property, to which Willis objected. Thereupon the plaintiff brought this action. The judge having directed a nonsuit, the plaintiff appealed.

*Hackett & Gilreath for plaintiff.*

*Hays & Jones, Finley & Hendren, and Hackett & Willis for defendant.*

CLARK, C. J. It was in evidence, uncontradicted, and therefore must be taken as true on this appeal from a nonsuit, that the judgments, executions, advertisement, and sale were regular in all respects. There was also evidence by letters from the defendant to Willis that he was the attorney of the defendant to represent it at this sale, and there was

evidence of his statements in corroboration; that as such agent he made the last and highest bid for the property, which was duly knocked off to him, and that he declined payment upon the ground that the bid should be credited on the debt due the trust company.

When the plaintiff rested, the defendant moved to dismiss the case as of nonsuit, on the sole ground that the statute of fraud applied to a sale by sheriff under execution, and the court, being of that opinion, granted the motion.

When the plaintiff as sheriff offered the property for sale by virtue of the execution in his hands, this was an offer in writing, also evidenced by the advertisement duly made; and when the sheriff, through his auctioneer, cried the defendant's bid, he was acting as agent for such bidder, and when it was accepted and the property was knocked down to the bidder, the return made by the sheriff on the execution was a memorandum in writing made by him as agent for the bidder. If this were not so, there would be no means of holding the purchaser at the execution sale if he should see fit afterwards to deny his liability.

In *Cherry v. Long,* 61 N. C., 466, it was held: "An auctioneer is the agent of both seller and purchaser. Therefore, when a tract of land is bid off at auction by one who is present, the auctioneer is his agent, and a memorandum made by the latter giving the name of the purchaser and description of the tract and the price is sufficient within the statute of frauds." This is cited with approval by *Walker, J.,* in *Burriss v. Starr,* 165 N. C., 661, in which it was held that the purchaser was bound by the action of his agents in writing, though the latter's authority was given by parol.

In *Proctor v. Finley,* 119 N. C., 536, it was held that an advertisement for sale of land at auction and the acceptance of the last and highest bid makes a complete contract; that the auctioneer is the agent of both the seller and bidder, and the signing by the auctioneer of the name of the highest bidder at an auction sale on the printed advertisement, with an entry of the price bid, is sufficient within the statute of frauds. Here the advertisement and the execution with indorsement on the latter of the report of the sale to the defendant as the last and highest bidder, is sufficient. In *Love v. Harris,* 156 N. C., 92, this case was cited and approved.

In *Stearns v. Edson,* 63 Vt., 259, it is held: "The return of an officer upon an execution of the sale of real estate is a sufficient memorandum within the statute of frauds to enable such officer to sustain an action for the purchase price, notwithstanding the officer had neglected for three months to tender a deed to the purchaser.

In *Nichols v. Ridley,* 13 Tenn., 63; it is said: "A sale of real estate by the sheriff is valid within the statute of frauds so as to bind the pur-

chaser when the sheriff has made a return of the sale, indorsed on the execution." In Browne on Statute of Frauds (5 Ed.), 469, sec. 346, it is said that "The return of the sheriff upon an execution, however informal, is a sufficient writing within the statute of frauds," citing *Nichols v. Ridley, supra,* and other cases.

In *Ruckle v. Barbour,* 48 Ind., 281, it is said: "There is some conflict in the authorities as to what will constitute a sufficient memorandum to satisfy the requirements of the statute, but all the authorities agree in holding that the return of a sheriff upon the execution or order of sale, if made and signed at the time of the sale and filed in the office from which it was issued within the lifetime of the writ, will be sufficient to take the sale out of the statute of frauds," citing many cases. In *Remington v. Linthicum,* 39 U. S. (14 Peters), 92, it is held that the return of the marshal of the sale "related back to the sale and complies with the statute of frauds."

There are many authorities which hold that "A sale of land by the sheriff under execution is not within the act of 1819 (now Revisal, 976), making void parol contracts for the sale of land." This was held by *Gaston, J.,* in a very strong opinion, *Tate v. Greenlee,* 15 N. C., 150, which has been since cited and approved in *Ingram v. Dowdle,* 30 N. C., 456; *Grier v. Yontz,* 50 N. C., 373; *McKee v. Lineberger,* 69 N. C., 239; *Skinner v. Warren,* 81 N. C., 376; To same effect, *Watson v. Violett,* 63 Ky., 332; *Fulton v. Moore,* 25 Pa. State, 479, which held: "A judicial sale is good without writing, because it is not within the statute of frauds.' *Boring v. Lemmon,* 9 Md. (5 Harr. and J.), 225; *Barney v. Patterson,* 10 Md. (6 Harr. and J.), 205; but in *Fenwick v. Floyd,* 12 Md. (1 Harr. and G.), 175, and *Hanson v. Barnes,* Md. (3 Gill. and J.), 368, it is held that while the return of the sheriff on the execution is a sufficient memorandum in writing within the statute of frauds, without it the sale itself would not be binding unless there was a deed.

In *Love v. Harris,* 156 N. C., 88, it is held that "By bidding at a foreclosure sale of lands the purchaser sanctioned the authority of the auctioneer whom the vendor has employed, constituting him his agent to make a written memorandum thereof; and a proper memorandum so made is binding upon the purchaser and does not fall within the inhibition of the statute of frauds."

There being some conflict as to whether a sale by a sheriff under execution is within the statute of frauds which requires a writing, we prefer to put our decision upon the first proposition above stated, that the sheriff is the agent of both parties, and that his return upon the execution is made as agent of the purchaser, and this being signed by him, it is sufficient compliance with the statute of frauds.

The sale by the sheriff, both under the advertisement and the announcement at the time, was of the equity of redemption, Revisal, 629 (3), and the defendant, the *cestui que trust,* as purchaser of the equity of redemption, bought that which the trust deed did not cover, and the sheriff properly held that the proceeds must go to the plaintiff in the judgment and execution under which he sold. It would have been otherwise if the defendant had been plaintiff in the judgment as well as *cestui que trust* in the mortgage, for in that case he would have had both titles.

The judgment of nonsuit must be

Reversed.