F. M. ELLETT v. ELIZABETH B. ELLETT.

(Filed 22 November, 1911.)

1. **Divorce, Absolute—Adultery of Wife—Burden of Proof—Actions at Law.**

   While in certain instances of an equitable nature there is a requirement that the proof be "clear, strong, and convincing,"

and in criminal cases the State must prove its charge "beyond a reasonable doubt," this intensity of proof is not required in an action for absolute divorce brought by the husband on the ground of the wife's adultery, the action being one at law. and only requiring proof of the act by the preponderance of the evidence.

2. **Divorce, Absolute—Adultery of Wife—Abandonment by Husband —Harmless Error—Instructions.**

In an action for absolute divorce brought by the husband on the ground of the wife's adultery, a finding by the jury that before the time of the adultery the plaintiff had maliciously turned his wife out of doors, does not render harmless an instruction erroneously imposing upon the plaintiff the burden of showing the act of the wife's adultery by "clear, strong, and convincing proof."

3. **Divorce, Absolute—Wife's Adultery—Abandonment—Interpretation of Statutes.**

Under our statutes, under certain conditions, an agreement for separation executed by the husband and wife is valid (Revisal, sec. 2116) ; and when abandoned by her husband, the wife may sue for support of herself and children without seeking a divorce (Revisal, sec. 1292). Hence, the doctrine laid down by·our older decisions does not in reason apply, which rendered the adulterous conduct of the wife after abandonment no ground for divorce, especially, as in this case, where the husband under an agreement of separation was supporting his wife at the time of her alleged acts of adultery.

APPEAL by plaintiff from *W. J. Adams, J.,* at February Term, 1911, of ROCKINGHAM.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*F. L. Fuller, C. O. McMichael, A. D. Ivie,·and W. P. Bynum for plaintiff.*
*A. L. Brooks for defendant.*

CLARK, C. J. This is an action for an absolute divorce brought by the husband against the wife. The seventh issue was as follows: "7. Did the defendant commit adultery with one George B. Gatling, as alleged in the complaint?" On this issue the judge charged: "The plaintiff must show such adulterous intercourse by evidence which is clear, cogent, and con-

vincing. If you find from the evidence which is clear, cogent, and convincing that the defendant committed adultery with George B. Gatling, your answer to the seventh issue will be 'Yes.' If not, your answer to the seventh issue will be 'No.' "

The exception of the plaintiff to this charge must be sustained. In criminal cases the burden is upon the plaintiff to prove the charge "beyond a reasonable doubt," or "to the satisfaction of the jury." But in civil cases the rule is that the party upon whom lies the burden of proof is called upon to establish his allegation merely "by the preponderance of the evidence."

There are some exceptions to this in matters of an equitable nature, as to which the evidence must be "clear, strong, and convincing." For instance, when a party asserts and endeavors to prove by parol that a deed which is absolute on its face was in fact a mortgage. 8 Ency. Ev., 714; *Watkins v. Williams,* 123 N. C., 174; *Porter v. White,* 128 N. C., 45, and cases cited therein.

The same rule as to intensity of proof applies also where a party seeks the reformation of a written instrument. *Ely v. Early,* 94 N. C., 1; *Kornegay v. Everett,* 99 N. C., 30; *Hemphill v. Hemphill, ib.,* 436; *Warehouse Co. v. Ozment,* 132 N. C., 846. Also, the same intensity of proof is required to prove the terms of a lost will; and there are a few other instances. But they are all cases in which, formerly, the facts would have been found by the chancellor. *Ferrall v. Broadway,* 95 N. C., 551. Such intensity of proof is not required as to the issues in divorce, which is an action at law. Certainly, it has never been required in this State.

It is true that in *Kinney v. Kinney,* 149 N. C., 321, the judge charged the jury that the evidence of adultery must be "strong, convincing, and conclusive"; but notwithstanding this erroneous charge, the jury found the issue "Yes," and therefore there was no appeal by the plaintiff which would have presented the question as to the correctness of that part of the charge.

The plaintiff contends, however, that inasmuch as the jury found "Yes" in response to the eighth issue, "Did the plaintiff,

before the time of the alleged adultery, maliciously turn the
defendant out of doors?" that the error in the instruction as to
the intensity of the proof on the seventh issue was harmless
error.   But this proposition is neither good law nor good
morals.   There is no legal or moral reason why a woman
who has been abandoned by her husband shall be privileged to
commit adultery any more than if she were a widow or a single
woman.   It is true that prior to the act of 1872, now Revisal,
1561 (2), such was deemed the law in this State (*Moss v. Moss,*
24 N. C., 55), and that the same was practically reiterated
after that act in *Tew v. Tew,* 80 N. C., 316; but as was strongly
intimated in *Steel v. Steel,* 104 N. C., 636, the latter decision
cannot be sustained, "and was evidently tinged by the restrict-
ive ideas of the older law."   The Court further says, in the
latter case, that the reason of the former law was that the wife,
having no property (which at that time all belonged to the
husband, as the law was formerly), might be forced, and prob-
ably would be, to form a new connection in order to obtain a
support; but now, "under our statutes of 1869, 1874, 1879, she
can compel her husband to provide her adequate support, both
for herself and her children."   *Steel v. Steel* in effect overrules
*Tew v. Tew* on that point.

Nor is an agreement for separation, as formerly, *ipso facto*
void because "against law and public policy."   As *Smith, C. J.,*
pointed out in *Sparks v. Sparks,* 94 N. C., 532, the law now
recognizes the validity, under certain conditions, of such a deed
by providing, in Code, sec. 1831, now Revisal, 2116, "that every
woman living separate from her husband   .   .   .   under a
deed of separation, executed by said husband and wife and
registered   .   .   .   shall be deemed and held   .   .   .   a free
trader," etc.   *Sparks v. Sparks, supra,* has been cited as author-
ity in *Smith v. King,* 107 N. C., 273; *Cram v. Cram,* 116 N.
C., 294.   Besides, under Code, sec. 1292, now Revisal, 1567,
the wife who has been abandoned or deserted by her husband
can sue for a support for herself and children without asking
for a divorce.   *Cram v. Cram,* 116 N. C., 294; *Skittletharpe v.
Skittletharpe,* 130 N. C., 72; *Bidwell v. Bidwell,* 139 N. C.,
409.

Our older authorities, therefore, which made the adultery of the wife committed after desertion or abandonment by her husband no ground for divorce, are without the reason which gave support to such rulings. They have now as little support in law as they ever had in morals.

The remedy which the statute gives to a wife abandoned or deserted by her husband is alimony and divorce *a mensa et thoro.* It does not privilege either one to commit adultery. If she does, the husband is entitled to a divorce. This was the ecclesiastical law. Nelson on Divorce, sec. 430. His wrong does not authorize her to commit a greater one. She can go back to live with him after his desertion; but he cannot be required to live with her after her adultery. The American decisions are conflicting, being based upon statutes of varying tenor.

Besides, in this case, the husband placed the wife in a sanitarium for the cure of her habit of drunkenness, and paid her or for her benefit, regularly, $50 per month for her support under the agreement of separation. He also paid her $400 per year rent for a home worth $5,000, which he had given her, and supported the children himself. She was not therefore subjected to temptation by the necessity of procuring a support, which was the reason for the rulings of the Court in *Tew v. Tew,* 80 N. C., 316, and cases prior thereto.

It may be that on another trial the jury will again find the wife was not guilty, but the plaintiff is entitled to a new trial to the end that the issue may be submitted under proper instructions as to the intensity of proof required to establish the charge.

Error.

ALLEN, J., concurs in result.

HOKE, J., concurring in the result: I concur in the decision awarding a new trial in this case for the error in the charge of the court on the degree of proof required to establish the seventh issue, and it may be that there are no facts amounting to legal evidence tending to show that plaintiff maliciously turned defendant out of doors. I do not agree to the position, however, nor do I think that it has the support of any author-

itative decision, that a husband who has wrongfully abandoned his wife may successfully maintain an action for divorce *a vinculo* on account of her adultery. Under a long line of well-considered precedents, relief in such case was denied, not because the act of the wife was justifiable—it was never so regarded—but because the husband, on account of his own conduct in wrongfully withdrawing his association and protection from the wife, was not in a position to ask relief from the court. Neither the moral nor the legal aspect of this position is changed because the wife may, under certain conditions, now obtain alimony. The doctrine and the principle upon which it rests lie deeper and, in my opinion, should now and always prevail.