P. V. BOONE v. JAMES LEE AND ESTHER LEE.

(Filed 17 April, 1918.)

1. **Trusts and Trustees—Parol Trusts—Degree of Proof.**

Evidence to engraft a parol trust on lands purporting in the deed to have been conveyed in fee simple absolute must be clear, strong and convincing, differing in degree from that required to set aside a deed for fraud; and a charge by the court that it may be established by the preponderance of the evidence is reversible error.

2. **Same—Fraud.**

The degree of proof to engraft a parol trust on land appearing from the deed to have been conveyed in fee simple absolute is not affected whether the trust sought to be established is a constructive trust arising out of fraud or to the contrary, or partakes of the nature of each.

3. **Trusts and Trustees—Purchase Price—Assignor of Trusts—Trustee's Profits—Fraud.**

The assignee of lands held in trust to convey upon payment of the purchase price who takes "upon the same terms and conditions" as his assignor, stands in the same relation thereto as the former trustee, and may receive the payments provided for without thereby being deemed to act in fraud of the trust estate by making a personal profit therefrom.

CIVIL ACTION, tried before *Harding, J.*, and a jury at November Term, 1917, of GUILFORD.

The jury returned the following verdict:

1. Did the plaintiff purchase land from A. J. Whittemore upon an agreement to hold same for the defendant upon the same terms and conditions as it was held by A. J. Whittemore? Answer: "Yes."

2. Has the defendant failed to comply with his contract with A. J. Whittemore in that he failed to pay $5 per month on the purchase price, as per the terms of said contract, prior to the making of the deed from Whittemore to Boone? Answer: "Yes."

3. What amount, if any, did defendant pay to Whittemore on his contract to purchase the land in controversy? Answer: "$32.30."

4. What amount, if any, did the plaintiff pay Whittemore for the land? Answer: "$250."

And it being admitted that on the date of deed from Whittemore to plaintiff $267.70 was the balance due from defendants to Whittemore, with interest thereon from 1 February, 1915.

The court adjudged that upon payment by defendants to the plaintiff of the $250 due by the latter to Whittemore, with interest thereon from 1 November, 1916, the plaintiff should convey the land in question to the defendants. Plaintiff excepted and appealed. The other exception is stated in the opinion.

*Charles A. Hines and Thomas C. Hoyle for plaintiff.*
*R. C. Strudwick for defendants.*

WALKER, J., after stating the case: It appears in the case that the presiding judge charged the jury, upon the first issue as to the parol trust, that the burden of establishing the trust was on the defendants, who had alleged its existence, but that it was only necessary that they should do so by the greater weight of the testimony. This was error, as the rule is, in such case, that the jury must be satisfied of the trust by evidence clear, strong, and convincing. *Lehew v. Hewett*, 138 N. C., 6; *Glenn v. Glenn*, 169 N. C., 729.

It is not like a case in which a party seeks to set aside a deed or other instrument for fraud or undue influence, where a preponderance of the evidence is sufficient to establish the fraud. The distinction is stated in *Harding v. Long*, 103 N. C., 1; *Ely v. Early*, 94 N. C., 1; and more recently in *Cedar Works v. Lumber Co.*, 168 N. C., 391; *Lamm v. Lamm*, 163 N. C., 71; *Avery v. Stewart*, 136 N. C., 426; *Lamb v. Perry*, 169 N. C., 436; *Glenn v. Glenn, supra; Ray v. Patterson*, 170 N. C., 226; *Potato Co. v. Jeannette*, 174 N. C., 236; *McLaurin v. Williams*, at this term.

The case of *Glenn v. Glenn, supra,* is strikingly illustrative of the rule as applicable to the facts of our case. It was there said: "Where a defendant holds under a deed formally conveying to him the legal title to real property and a claimant is seeking to correct a mistake in the instrument or annex a condition to it or engraft a trust upon it, he is required to make out his claim by clear, strong and convincing proof (*Cedar Works v. Lumber Co.,* 168 N. C., 391; *Ely v. Early,* 94 N. C., 1), a position held to prevail in case of formal written instruments conveying personalty (*White v. Carroll,* 147 N. C., 334), and to written official certificates of officers given and made in the course of duty. *Lumber Co. v. Leonard,* 145 N. C., 339.

"And in further application of the principle, it has been also held that 'When the testimony is sufficient to carry the case to the jury, as on an ordinary issue, the judge can only lay this down as a proper rule to guide the jury in their deliberations, and it is for them to determine whether, in a given case, the testimony meets the requirements of this rule as to the degree of proof.' *Gray v. Jenkins,* 151 N. C., 80 and 82, citing *Cutherbertson v. Morgan,* 149 N. C., 72, and *Lehew v. Hewett,* 138 N. C., 6. It is also fully recognized here that this rule as to the quantum of proof does not obtain in suits to set aside deeds or other written instruments conveying property for lack of mental capacity or for fraud or undue influence, or because made with intent to defraud creditors, etc., plaintiff in such cases being required to establish his allegations by the greater weight of the testimony. The distinction is very fully and satisfactorily discussed by *Associate Justice Avery* in *Harding v. Long,* 103 N. C., 1, a case that has been repeatedly cited in approval of the principle. *Hodges v. Wilson,* 165 N. C., 323-333; *Lamm v. Lamm,* 163 N. C., 71; *Culbreth v. Hall,* 159 N. C., 588-591; *Odom v. Clark,* 146 N. C., 544-549, etc.

"From the facts in evidence as they now appear, the defendant has the legal title to the property in controversy, formally conveyed to him by written deed pursuant to foreclosure, and the purpose of the action is to engraft a trust upon this title in favor of plaintiffs, children and heirs at law of Mrs. Glenn, deceased. The case, in our opinion, comes under the principle sustained in *Ely v. Early, supra,* and that line of cases, and plaintiffs are required to establish their allegations by clear, strong, and convincing proof."

The learned counsel for the defendants suggested in the argument before us that the rule did not apply here, as this trust, if it existed at all, arises from fraud, or is a trust *ex malificio*. But this can make no difference. The rule as to the quantum or intensity of the proof does not depend upon the particular nature of the trust, but is founded upon the theory that the written instrument speaks the truth and contains the

25—175

final expression of the agreement between the parties. Whoever, there-fore, seeks to show that it does not, should be required to do so by a degree of proof greater than a mere preponderance. It, therefore, be-comes immaterial whether this is a constructive trust arising out of fraud, or, in the absence of fraud, or is an express trust created by direct fiduciary words, or partakes somewhat of the nature of both.

"Another instance," says Mr. Bispham (evidently referring to a written contract) "of a constructive trust in the absence of fraud is where a binding contract is made for the sale of real estate. In such a case, before the conveyance is executed, equity treats the vendor as a trustee of the land for the benefit of the vendee, and the latter as a trustee of the purchase money for the benefit of the former. This doc-trine is properly a branch of the subject of specific performance, and will be treated of under that head." Bispham Pr. of Equity (9 Ed.), 34.

In one aspect of our case, this is a parol express trust, not enforcible, under the statute of frauds, but as it is a solemn declaration of one party that if the legal estate is conveyed to him he will hold it in trust for an-other, it would be fraudulent and unconscionable for him to acquire the legal title by this engagment to hold it for another, and not comply with his promise, and therefore, equity will enforce the trust, as the statute of frauds does not apply to such cases on account of the fraud, and the trust created thereby. *Avery v. Stewart,* 136 N. C., 426, 435, 436; *Sykes v. Boone,* 132 N. C., 199.

As to the other question, it is possible that it may not be presented again; however, we will state that as this plaintiff, under the trust and as found by the jury, would hold the land for the defendants "upon the same terms and conditions as it was held by A. J. Whittemore," it would seem that defendants would be required to pay to him the amount due to Whittemore. If there had been no deed to plaintiff, defendants would have to pay Whittemore the balance of the debt, and as plaintiff holds the land "upon the same terms and conditions" as Whittemore held it, and he simply takes Whittemore's place, he is entitled to receive what was owing to Whittemore, his assignor. The amount to be paid is vir-tually designated in the agreement, and it is not a case where a trustee is using the property held by him to make a profit out of it for himself, as urged in the argument.

There must be a new trial because of the error in the charge of the court.

New trial.