### JAMES S. KING v. L. W. DAVIS.

#### (Filed 16 December, 1925.)

**1. Contracts—Written Contracts—Ambiguity—Interpretation—Intent.**

> The intention of the parties to a written contract as expressed by the entire instrument, in connection with the subject-matter, the surrounding and attendant circumstances and the object in view, control the interpretation of the contract when the language used therein is ambiguous or of doubtful import; and the words employed are given their ordinary meaning, when reasonably permissible, and if they have more than one meaning, the one will be accepted which appears to carry out the intent of the contracting parties.

**2. Partnership — Dissolution — Banks and Banking — Insolvency—Dividends—Contracts.**

> Where upon a dissolution the partners agree to the portion each should have from the firm deposit in a bank in the hands of a receiver, and a debt due by one partner to the bank is offset against the firm's deposit, without the knowledge of the other, a dividend of the insolvent bank paid to the party who has offset his individual debt to the bank, is due and payable by him to his copartner, to the same extent and in the same amount as if no offset had been effected.

**3. Offset—Counterclaim.**

> An offset in part of a debt due is not a payment *pro tanto*, but an allowance made to the credit of the one owing the other a larger amount, or the balancing of the accounts when both are in an equal amount.

APPEAL by plaintiff from *Dunn, J.,* April Term, 1925, NEW HANOVER Superior Court. Affirmed.

Material facts: The plaintiff and defendant were partners in the clothing and men's furnishing business, in Wilmington, N. C., plaintiff

47—190

being one-third and defendant two-thirds owner, under the firm name of L. W. Davis & Co. On 14 March, 1923, the partnership was dissolved. The agreement of dissolution was in writing, plaintiff selling out the tangible business to the defendant (except the accounts due by customers). Defendant was to pay all debts. The accounts were to be collected by either copartner and divided between plaintiff and defendant—one-third to plaintiff and two-thirds to defendant. The lease of the premises was assigned to defendant. The controversy arose over the following: "It is understood and the above agreement and sale is made upon the further condition that the funds on deposit in the Commercial National Bank at the time the same closed is the joint property of L. W. Davis and James S. King, and that all dividends and payments on account of said deposit shall be divided, when received in the proportion of $\frac{1}{3}$ thereof to James S. King and $\frac{2}{3}$ thereof to L. W. Davis."

The plaintiff alleges: "During the continuance of said copartnership and on 30 December, 1922, said copartnership had on deposit with the Commercial National Bank of Wilmington, the sum of $6,306.90; on said 30 December, 1922, said Commercial National Bank was closed by an order of the Comptroller of the Currency, and thereafter a receiver for said bank was appointed by said Comptroller of the Currency on or about 1 February, 1923, since which time said receiver has been in charge of and administering the affairs of said bank; under the terms of the agreement of dissolution hereinbefore mentioned the aforesaid sum of $6,306.90 so on deposit with said bank was and continued to be the joint property of plaintiff and defendant in the proportion of one-third to plaintiff and two-thirds to defendant and it was by said agreement provided that all dividends and payments on account of said deposit should be divided, when received, in the proportion of one-third thereof to plaintiff and two-thirds thereof to defendant. That at the time of the closing of the Commercial National Bank of Wilmington and the appointment of a receiver therefor, defendant was individually indebted to said bank by a certain note in the sum of $2,500; that on or about 17 April, 1924, of which fact plaintiff was not at the time informed, defendant obtained by way of offset against the deposit in said bank belonging to plaintiff and defendant the amount of defendant's individual note for $2,500 to said bank, which said amount of $2,500 was thereupon charged against said deposit of $6,306.90, leaving a balance on deposit in said bank to the credit of said copartnership of $3,806.90; Thereafter and on or about 1 August, 1924, the receiver of said Commercial National Bank of Wilmington paid to its depositors a dividend of 10% and among others said receiver paid to defendant, as representing said copartnership the sum of $380.69; subsequent thereto, without informing

plaintiff of the fact of the offset of defendant's individual note hereinbefore referred to, and leaving plaintiff to believe that a dividend of 10% upon the full and original deposit of $6,306.90 had been allowed and paid, defendant paid to plaintiff as his one-third part of a 10% dividend on said total deposit of $6,306.90 the sum of $210.23 and plaintiff accepted the same under the belief, induced as hereinbefore stated, that a dividend of 10% had been allowed and paid upon the full deposit, whereas in truth and fact, plaintiff is informed and believes and upon such information and belief alleges that the said receiver paid to defendant a dividend on said deposit less the amount of defendant's note offset as hereinbefore stated, to wit, a dividend on the sum of $3,806.90, and plaintiff's one-third part thereof being the sum of $126.89. Thereafter, and upon being informed of the facts as herein alleged, plaintiff demanded of defendant the payment of one-third part of the amount of $2,500 offset as hereinbefore alleged, and the payment of plaintiff's one-third part of the dividend paid upon the balance of said deposit after deducting said offset, less the amount of $210.23 paid to plaintiff by defendant as hereinbefore alleged, but defendant has failed and refused and continues to so fail and refuse to pay the amount demanded, or any other sum on account thereof. That by reason of the matters and things herein alleged defendant is indebted to plaintiff in the sum of $764.55 with interest on the sum of $749.99 from 1 August, 1924, at the rate of six per cent per annum. Wherefore, plaintiff prays judgment against defendant for the sum of $764.55 with interest on the sum of $749.99 from 1 August, 1924, until paid and for costs and such other relief as plaintiff may be entitled."

Defendant first demurred to the complaint. The demurrer was overruled and the defendant answered. The defendant admitted the material allegations of the complaint and, "he expressly refers to the agreement of dissolution therein referred to, for its terms and effect."

Defendant alleges: "That the sum of $210.23 was the full amount that the plaintiff was entitled to receive from the defendant, either under the terms of the dissolution agreement referred to, . . . or in law, or in equity; and the defendant alleges that is the only sum that he was due and owing the plaintiff on account of the said agreement or declaration of dividend, or otherwise, and that he does not owe the plaintiff any other amount by reason thereof, or for any other reason. The defendant denies the allegations that he owes plaintiff $764.55 with interest," etc.

The court below rendered the following judgment:

"This cause coming on to be heard before his Honor, Albion Dunn, judge of the Superior Court, and the plaintiff moving for judgment on the complaint filed by him, and the answer filed by the defendant; and

the defendant moving for judgment also on said pleadings, and the court, after hearing the arguments, being of the opinion that the plaintiff is not entitled to recover hereunder, hereby allows the motion of the defendant and adjudges that this action be dismissed at the cost of the plaintiff. It is further ordered, adjudged and decreed by the court, the defendant consenting thereto, that all dividends or payments to be made by the receiver of the Commercial National Bank shall be paid to the plaintiff in proportion of one-third of the original deposit in said bank at the date of its failure without regard to the offset heretofore allowed to the defendant, and that the balance of said dividends and payments shall be paid to the defendant."

Plaintiff duly assigned the following as error and appealed to the Supreme Court : "Error in the action of the court in rendering judgment in favor of the defendant upon pleadings. Error in the action of the court in refusing to render judgment in favor of plaintiff upon pleadings."

*Ruark & Campbell for plaintiff.*
*Bellamy & Bellamy for defendant.*

CLARKSON, J. On 30 December, 1922, the copartnership of L. W. Davis & Co., had on deposit with the Commercial National Bank of Wilmington, N. C., the sum of $6,306.90. On that date the bank was closed by order of the Comptroller of the Currency. On 1 February, 1923, a receiver for the bank was appointed. Plaintiff and defendant dissolved copartnership 14 March, 1923. At the time the bank was closed, defendant was individually indebted to the bank in the sum of $2,500. The receiver charged the individual indebtedness of defendant against the $6,306.90, leaving to the credit of the partnership the sum of $3,806.90. On 1 August, 1924, the receiver paid a 10% dividend to depositors—to these depositors $380.69. Defendant gave plaintiff of the amount $210.23.

Plaintiff contends that, under the dissolution agreement, the settlement should be as follows:

| | |
|---|---:|
| He was entitled to ⅓ of $2,500.00 ........................ ....$ | 833.33 |
| He was entitled to ⅓ of 380.69 ........ ... . ................... | 126.89 |
| | $ 960.22 |
| Defendant paid him.... .. . .. ............... . ..... ................... | 210.23 |
| Defendant owes plaintiff amount sued for. ................ $ | 749.99 |

Defendant contends the money in bank in the joint
    names was ................................................................$6,306.90
His portion was ⅔ ................................................... 4,204.60
Plaintiff's portion ⅓ ..................................................... 2,102.30
 

                                                           $6,306.90
That from his portion of his individual note should be
    deducted .................................................................... 2,500.00
 

Leaving his portion....................................................... $1,704.60
Plaintiff's portion.... ...................................................... 2,102.30
 

                                                           $3,806.90

The dividend, 10%, received was $380.69. Plaintiff's portion he paid him was $210.23, and this was all he was entitled to receive.

This is the controversy for us to determine. Both parties, without citing any case like it to guide us, have left the matter for the Court like a "feather on the water." Both reason, as they contend, on general principles and come to opposite conclusions. "The construction of a contract, when in writing or agreed upon, is a matter of law for the courts." *Barkley v. Realty Co.,* 170 N. C., p. 482. " 'If a contract is expressed in plain and unambiguous language, neither courts nor juries may disregard it and by construction or otherwise substitute a new contract in the place of that deliberately made by the parties.' *Engine Co. v. Paschal,* 151 N. C., 27; 7 A. & E. Enc., 118; *Dwight v. Ins. Co.,* 103 N. Y., 347." *Ollis v. Furniture Co.,* 173 N. C., 546.

In those written contracts which are sufficiently ambiguous or complex to require construction, the general rule is that the intention of the parties is the polar star. This can be gathered from the language of the entire instrument, the subject-matter, setting of the parties, the surrounding and attendant circumstances and the object they had in view. The same light which the parties possessed when the contract was made. Ordinarily, in arriving at the intent, words are used in the meaning generally accepted. If the words employed are capable of more than one meaning, the meaning to be given is that which it is apparent the parties intended them to have. 4 Page on the Law of Contracts, sec. 2020 *et seq.; R. R. v. R. R.,* 147 N. C., 382; *Simmons v. Groom,* 167 N. C., 271; *Lewis v. May,* 173 N. C., 100; *Ollis v. Furniture Co., supra; Miller v. Green,* 183 N. C., 652; *McCullen v. Daughtry, ante,* 215.

Applying these accepted rules of construction, the parties were partners, the plaintiff having one-third interest and the defendant two-thirds.

In the dissolution, plaintiff sold all the tangible property to the defendant and he assumed all debts. The choses in action were to be collected by either and the clear intention was that the division of the choses in action should be the same as before dissolution. When the question of the deposit in bank arose, the writing now in controversy, the idea was the same—"⅓ thereof to James S. King and ⅔ thereof to L. W. Davis." When the dissolution took place, the bank was in the hands of the receiver. Defendant owed the bank $2,500. He was entitled to two-thirds of the $6,306.90—$4,204.60. The receiver allowed the defendant to set off his share in the partnership account against his individual note. It did not and could not affect the interest of plaintiff's one-third in the fund. The language in the agreement in controversy "all dividends and payments on account of said deposit shall be divided," etc. The set-off against defendant's two-thirds portion of the fund was in no sense a dividend or payment under the contract clause in controversy.

"Set-off. A counter-claim or cross-demand; a claim or demand which the defendant in an action sets off against the claim of the plaintiff, as being his due, whereby he may extinguish the plaintiff's demand, either in whole or in part, according to the amount of the set-off." Black's Law Dic. (2 ed.), p. 1079, and cases cited.

The decision in *Blount v. Windley*, 68 N. C., 1, was on appeal to the Supreme Court of U. S., affirmed—95 U. S., 173 (L. Ed.), 424. *Mr. Justice Miller* says: "The idea of set-off is not the same as payment. It is doctrine of bringing into the presence of each other the obligations of A. to B. and of B. to A., and by the judicial action of the court make each obligation extinguish the other." 24 R. C. L., p. 796; *Putnam v. Russell*, 17 Vt., 54; 42 Am. Dec., 478.

After a careful consideration of this case, we are of the opinion that the judgment of the court below should be

Affirmed.