CINCINNATI BUTCHERS SUPPLY COMPANY, INCORPORATED, v. J. E. CONOLY AND P. C. HOWELL, DOING BUSINESS AS ECONOMY GROCERY COMPANY, ALIAS HOME PRIDE STORE.

(Filed 24 May, 1933.)

1. **Sales H f—In this action on notes for purchase price of article, purchaser sufficiently alleged counterclaim for fraud.**

In this action to recover the balance due on notes given by defendant for the purchase price of a case for the preservation and display of meats, defendant contended that the case was not as represented to him, and set up a counterclaim for loss sustained by reason of defects therein. *Held,* fraud may not be definitely defined by the courts, and defendant sufficiently alleged all the elements of fraud and deceit, and offered evidence sufficient to be submitted to the jury on the issue of whether defendant was induced to sign the notes by the false and fraudulent representations of plaintiff.

2. **Evidence C a—"Greater weight of evidence" and "preponderance of evidence" are synonymous.**

The terms "greater weight of the evidence" and "preponderance of the evidence" are synonymous, and the charge of the court that the burden was on defendant to prove by the greater weight of the evidence his defense of fraud set up in an action to recover the balance due on the purchase price of an article, will not be held for error on the plaintiff's exception on the ground that the court should have charged that the burden of proving the defense was by the preponderance of the evidence.

APPEAL by plaintiff from *Devin, J.,* and a jury, at January Term, 1933, of HOKE. No error.

This was a civil action. Plaintiff a Cincinnati, Ohio, corporation, entered into a written contract, by which plaintiff agreed to furnish, and did furnish, defendants a Koldo-matic counter, a case in which to keep meats, etc., for the price of $750.00 cash, $90.00 when the order was signed and $90.00 when the case was delivered and $27.00 per month thereafter until the last payment, which was $30.00. Plaintiff by the instrument signed was to retain title to the case until the case was fully paid for. Defendants set up fraud and deceit, and counterclaim, after paying all of plaintiff's claim except $202.55.

Claim and delivery proceedings were issued at the instance of the plaintiff on 8 March, 1931, with United States Fidelity and Casualty Company, Incorporated, as surety on the plaintiff's undertaking which was served on the defendants on 18 March, 1931, and the defendants replevied with Mrs. J. E. Conoly and Mrs. P. C. Howell, as sureties on the defendant's undertaking. The defendant, J. E. Conoly, doing business as Economy Grocery Company, signed a note in the sum of $570.00, and contract. Both contract and note were signed on 27 March, 1931,

and accepted by the plaintiff on 6 April, 1931. Plaintiff shipped to the defendants the Koldo-matic counter as per contract and note.

Defendants contended that plaintiff perpetrated a fraud on them and deceived them, in that the Koldo-matic counter, a case in which to keep meats, etc., was not as represented and was not properly constructed; that it would not circulate cold air and would leak from the outside. Defendants continued to pay plaintiff as each installment became due until all had been paid down to the sum of $202.55. Defendants further contended that they notified plaintiff that there was something wrong with the case and plaintiff, two or three times, sent a service man to service the case; that each time the service man came and worked on the case he represented that the company would fix the case properly; hence defendants continued to pay the monthly installment due on the note. That after the claim and delivery proceedings were issued, defendants made bond and continued to hold the case until the November Term of Court, 1931, at which time Judge Midyette ordered that the case be turned over to the plaintiff and the same be sold after 30 days notice of sale at the courthouse and three other public places in the county and the funds be held pending further orders of the court. It was admitted that the case was sold and same brought the sum of $50.00.

The defendants further contended that they were entitled to the sum of $680.58 (the amount they had paid to the plaintiff) and prayed for judgment against the plaintiff on their counterclaim and for the further sum of $500.00 as damages as a result of lost meats which they claim they lost by this case being faulty or not properly constructed. In addition to the above, they further contend that they ought to recover of the plaintiff the further sum of $175.00 for electric current which they claim they paid for which was in excess of the proper amount of current they contended they ought to have used had the case been what it ought to have been and what the agent claimed it was.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Were the defendants induced to sign the note and contract sued on by the false and fraudulent representations of the plaintiff, as alleged in defendant's answer and counterclaim? Answer: Yes.

2. What damages, if any, are defendants entitled to recover, therefor? Answer: $180.00, and interest.

3. Are the defendants indebted to the plaintiff, and, if so, in what amount? Answer: Nothing.

4. Is the plaintiff entitled to the possession of the property described in the complaint? Answer: Yes.

5. What was the value of the said property at the time of its seizure under claim and delivery proceedings in this action? Answer: $50.00."

The following judgment was rendered by the court below: "This cause coming on to be heard before his Honor, W. A. Devin, and a jury, and the issues being answered in favor of the defendants; it is, therefore, upon motion of Hiram S. Kirkpatrick, attorney for the defendants, ordered and decreed by the court that J. E. Conoly and P. C. Howell have and recover of the plaintiff, Cincinnati Butchers Supply Company, the sum of $180.00, with interest from date of this action until paid, and for costs of this action, to be taxed by the clerk of this court. It is further ordered that upon compliance with this judgment plaintiff shall be entitled to the $50.00 now held under the order of this court." The plaintiff made numerous exceptions and assignments of error and to the judgment as signed, and appealed to the Supreme Court.

*H. W. B. Whitley for plaintiff.*
*Hiram S. Kirkpatrick for defendants.*

CLARKSON, J. After a careful review of the evidence and charge of the court below, we do not think plaintiff's exceptions and assignments of error can be sustained. All the elements of fraud and deceit were sufficiently pleaded by defendants, and the evidence on the trial sufficient to sustain defendants' allegations of fraud and deceit to avoid the contract and recover damages. On account of the sinister ramifications of fraud and deceit, courts seldom lay down any hard and fast rule. The general allegation of fraud and deceit and proof of same is sufficiently shown on this record. The fact, under conflicting evidence, was for the jury to determine.

The court below charged the jury: "Now, upon this issue the burden of proof is upon the defendant, Mr. Conoly, to satisfy you from the evidence and by its greater weight, that he was induced to sign this contract by the false and fraudulent representations of the plaintiff's agent, as alleged in this answer."

Plaintiff in its brief asks "Ought the judge to charge the degree of proof was on the defendants only by the greater weight or by the preponderance of the evidence?" As we understand it, plaintiff does not challenge the correctness of the court below in charging that the burden of proof, *onus probandi,* was on the defendants, but it contends that the proof should be by the preponderance and not by the greater weight of the evidence as charged by the court below. We think the contention is a distinction without a difference. They are synonymous.

In 10 R. C. L., Evidence, p. 1012, part sec. 204, we find: "There is no doctrine of the law settled more firmly than the rule which authorizes issues of fact in civil cases to be determined in accordance with the preponderance or weight of the evidence. The reason of the rule no doubt

is, that as between man and man, where a loss must fall upon one or the other, it is right that the law should cast it upon him who is shown to have been the cause of the loss, by proof establishing the reasonable probability of the fact." 23 C. J., p. 16, sec. 1749; *Mewborn v. Smith,* 200 N. C., 532, 533.

In *Chaffin v. Mfg. Co.,* 135 N. C., 95, 99-100, it is said: "When the part of the charge of the court excepted to is considered and tested by this reasonable rule of the law, we think it sufficiently and indeed clearly appears that the jury were instructed, at least substantially, that the plaintiffs were required to make out their case by a preponderance of the evidence, and that the court explained to them with sufficient fullness and accuracy what it meant by the preponderance of the testimony and how the jury should apply the rule to the facts and circumstances of the case in order to determine whether plaintiff had met the requirement. The use of the word 'satisfied' did not intensify the proof required to entitle the plaintiffs to their verdict. The *weight* of the evidence must be with the party who has the burden of proof or else he cannot succeed. But surely the jury must be satisfied or, in other words, be able to reach a decision or conclusion from the evidence and in favor of the plaintiff which will be satisfactory to themselves. In order to produce this result or to carry such conviction to the minds of the jury as is satisfactory to them, the plaintiffs' proof need not be more than a bare preponderance, but it must not be less. The charge, as we construe it, required only that plaintiffs should prove their case by the greater weight of the evidence." We have examined the record and find no prejudicial or reversible error.

No error.