ELIZA WILLIAMS AND L. W. WILLIAMS v. BLUE RIDGE BUILDING AND LOAN ASSOCIATION, A CORPORATION, AND A. W. BURNS, JR., LIQUIDATING AGENT FOR THE CENTRAL BANK AND TRUST COMPANY.

(Filed 21 November, 1934.)

**Evidence B a—**

A charge that the burden of convincing the jury by "clear, strong, and convincing proof" means evidence convincing the jury to a "moral certainty" *is held* for error. The degrees of proof required in civil and criminal actions, and definitions of same, are discussed by *Mr. Justice Schenck.*

APPEAL by the plaintiffs from *Pless, J.,* at June Term, 1934, of BUN-COMBE. New trial.

This was a civil action, instituted by the plaintiffs to restrain a sale under a certain recorded deed of trust, signed, and purporting to be duly acknowledged before. a notary public, by the plaintiffs, to the Central Bank and Trust Company, as trustee, to secure an indebtedness to the Blue Ridge Building and Loan Association.

It is alleged in the complaint that, while the *feme* plaintiff signed the deed of trust, she never appeared before the notary public whose name is affixed to the certificate, and never, separately and apart from her husband, assented thereto. This allegation is denied in the answer. The case was submitted to the jury upon the following issue:

"1. Did the notary public, Fenton H. Harris, take the private examination of Eliza Williams touching her voluntary execution of the deed of trust dated 11 December, 1929, securing the sum of $7,000, recorded in Deed of Trust Book 305, page 292?" Upon the issue being answered in the affirmative, judgment was entered for the defendants, and the plaintiffs appealed, assigning errors.

*Harry A. Gorson for appellants.*
*R. M. Wells and Martin & Martin for appellees.*

SCHENCK, J. The appellants assign as error the following from the charge: "You enter the jury box with the presumption that the private examination was legally taken, and if that presumption is to be rebutted it must be done by the plaintiff, the burden being upon her, Eliza Williams, to satisfy this jury by clear, strong, and convincing proof that the private examination was not legally taken. The phrase 'clear, strong, and convincing proof' means more than merely satisfying you, or satisfying you by the greater weight of the evidence; it means she must fully satisfy you, that is, satisfy you to a moral certainty that the certificate signed by the notary public, Fenton Harris, is not correct, that her private examination was not taken."

We are constrained to hold that when his Honor, in explaining the meaning of the words "clear, strong, and convincing proof," told the jury that the plaintiffs "must . . . satisfy you to a moral certainty," he required of the plaintiffs an intensity of proof not warranted or justified by the decisions of this Court, even in cases where it is sought to set aside a solemn act of a judicial officer. If the quoted words had been omitted, the charge would have been in accord ·with *Lumber Co. v. Leonard,* 145 N. C., 339, where it is said: "The court should instruct the jury with the greatest care in cases ‚of this character, and explain to them that the solemn act of a judicial officer is not to be lightly set aside, and certainly not upon a mere preponderance of

evidence, but only upon very clear, strong, and cogent proof, which should fully convince the minds of the jury." But when the phrase "satisfy you to a moral certainty" was chosen his Honor adopted the language that this Court has universally used in criminal cases to define the clause "satisfy you beyond a reasonable doubt."

In this jurisdiction there are three degrees of proof required of the party upon whom the *onus probandi* rests. First, in ordinary civil actions the burden is to satisfy the jury by the greater weight of the evidence; and, second, in certain cases of an equitable nature, such as where it is sought to reform a written instrument, or prove the terms of a lost will, or to impeach the probate of a married woman's deed, the burden is to establish the contention by clear, strong, and cogent proof; and, third, in criminal actions the burden is to show the guilt of the accused beyond a reasonable doubt. *Ellett v. Ellett,* 157 N. C., 161; *Montgomery v. Lewis,* 187 N. C., 577. The first phrase, "greater weight of the evidence," has been universally explained by "the preponderance of the evidence," *Butchers Supply Co. v. Conoly,* 204 N. C., 677; the second phrase, "clear, strong, and cogent proof," by evidence which "should fully convince," *Lumber Co. v. Leonard, supra;* and the third phrase, "beyond a reasonable doubt," by "to a moral certainty," *S. v. Schoolfield,* 184 N. C., 721.

When his Honor placed upon the plaintiffs the burden of establishing their contention "to a moral certainty" he took this case out of that line of cases requiring the second degree of proof, and placed it in the category of criminal cases requiring the third degree of proof. In this we think there was error, and therefore award a

New trial.