ELIZA WILLIAMS AND HUSBAND, L. W. WILLIAMS, v. BLUE RIDGE
BUILDING & LOAN ASSOCIATION AND A. W. BURNS, JR., LIQUIDATING
AGENT FOR THE CENTRAL BANK AND TRUST COMPANY.

(Filed 26 February, 1936.)

APPEAL by the plaintiffs from *Oglesby, J.,* at August Term, 1935, of
BUNCOMBE. Modified and affirmed.

This was a civil action, instituted by the plaintiffs, to restrain a sale
under a certain recorded deed of trust, signed and purporting to be
duly acknowledged before a notary public by the plaintiffs, to the Central
Bank and Trust Company, as trustee, to secure an indebtedness of
$7,000, and interest, to the Blue Ridge Building and Loan Association.
Edwin Ray, receiver of the Blue Ridge Building and Loan Association,
by consent, was made a party defendant in this Court. This case was
here on a former appeal, 207 N. C., 362.

It is alleged in the complaint that, while the *feme* plaintiff signed the
deed of trust, she never appeared before the notary public whose name
is affixed to the certificate, and never, separately and apart from her
husband, assented thereto. This allegation is denied in the answer.
The case was submitted to the jury upon the following issue:

"1. Did the notary public, Fenton H. Harris, take the private exami-
nation of Eliza Williams touching her voluntary execution of the deed
of trust dated 11 December, 1929, securing the sum of $7,000 recorded
in Deed of Trust Book 305, page 292?" Upon the issue being answered
in the affirmative, judgment was entered for the defendants, and the
plaintiffs appealed, assigning errors.

*Pritchard & James for plaintiffs, appellants.*

*R. M. Wells and Smathers, Martin & McCoy for defendants, ap-
pellees.*

PER CURIAM. We have examined the exceptive assignments of error,
both to the rulings upon the evidence and to the charge, and find no
reversible error therein. The charge is in compliance with the opinion
in this case when before this Court on former appeal.

However, in paragraph 6 of the judgment it is ordered that the de-
fendants recover of the plaintiffs "the sum of $400.00, to be discharged
by the payment to said defendants of a sum equal to $25.00 per month,
calculated from 12 October, 1933, until paid, and the same to be calcu-
lated to the day of payment." It is conceded in the brief of the appel-
lees that this provision of the judgment has no basis in either allegation

or proof.   Such provision was erroneously inserted and must be stricken from the judgment.

Paragraph 6 of the judgment should be stricken therefrom and the remaining provisions affirmed, and to that end the case is remanded to the Superior Court that judgment may be modified accordingly.

Modified and affirmed.