L. E. O'BRIANT, MAYE H. O'BRIANT, EARLE J. O'BRIANT, JESSIE O'BRIANT, R. D. O'BRIANT, AND NEFFIE O'BRIANT BRADSHER v. MRS. E. FRANK LEE.

(Filed 2 February, 1938.)

1. **Mortgages § 2—Absolute deed and contract by grantee to reconvey at option of grantors do not constitute equitable mortgage as matter of law.**

Plaintiffs alleged that they executed to defendant a deed in fee simple, absolute on its face, and that contemporaneously therewith defendant executed a contract to reconvey at the option of defendants upon the payment of a certain sum of money within a specified time. Defendant denied the allegation in the complaint that the transaction was intended to convey title as security for a loan of money. *Held:* The transaction alleged does not constitute an equitable mortgage as a matter of law, and plaintiffs' motion for judgment on the pleadings was correctly denied. Instances in which the grantor is obligated to redeem the land by paying the amount of the debt, or the consideration of the deed, distinguished from instances in which the grantor is given an optional right to a reconveyance, upon the payment of a sum of money, but in which he does not bind himself to pay the money and take a reconveyance.

**2. Same—Plaintiff must prove by greater weight of evidence that parties intended that deed and contract to reconvey should constitute mortgage.**

> Plaintiffs alleged and contended that the parties intended that the absolute deed executed by plaintiffs to defendant and defendant's contract to reconvey at the option of plaintiffs upon the payment of a certain sum of money within a stipulated time, should constitute a mortgage. Defendant denied the allegation and contended to the contrary. *Held:* The action was not to reform or correct a written instrument, but the pleadings raised only an issue of fact as to the intention of the parties, and plaintiffs have the burden of proving the issue by the greater weight or preponderance of the evidence, and an instruction placing the burden on plaintiffs to prove the issue by clear, strong and convincing proof is reversible error.

STACY, C. J., dissenting.

APPEAL by plaintiffs from *Hamilton, Special Judge,* at September Term, 1937, of DURHAM. New trial.

This is an action to have a deed executed by the plaintiffs and conveying to the defendant in fee simple the land described in the complaint, and a contract in writing executed by the defendant, contemporaneously with the execution and delivery of said deed, by which the defendant agreed to reconvey to the plaintiffs the said land, in accordance with the stipulations set out in said contract, adjudged a mortgage from the plaintiffs to the defendant to secure a loan of money to the plaintiffs by the defendant, at the date of the said deed and contract; and for an accounting between the plaintiffs and the defendant, to determine the amount now due by the plaintiffs to the defendant on account of said loan, to the end that plaintiffs may redeem the land described in the complaint from said mortgage by paying to the defendant the said amount.

The action was begun in the Superior Court of Durham County on 6 April, 1935.

It is alleged in the complaint that on or about 2 December, 1933, the plaintiffs applied to the defendant for a loan of $7,000, and offered to secure the payment of said loan by a mortgage on the land described in the complaint; that the defendant agreed to make and did make said loan to the plaintiffs, but instead of accepting a mortgage from the plaintiffs to secure the payment of said loan, in accordance with their offer, the defendant required the plaintiffs to convey to her by a deed absolute in form the land described in the complaint, and executed contemporaneously with the execution and delivery of said deed a contract in writing by which the defendant agreed to reconvey to the plaintiffs the land which was conveyed to her by the plaintiffs in said deed, upon the payment by the plaintiffs to her, on or before 2 December, 1934, of the sum of $7,000, with interest on said sum at the rate of six per centum per annum.

It is further alleged in the complaint that it was the purpose and intention of both the plaintiffs and the defendant that the transaction between them should be a loan of money by the defendant to the plaintiffs, and that said loan should be secured by the deed from the plaintiffs to the defendant, and the contract executed by the defendant for the reconveyance by her to the plaintiffs of the land described in the deed and that said deed and contract should constitute, in law and in equity, a mortgage on the land described in the complaint.

In her answer to the complaint, the defendant denies that she agreed to make or did make a loan to the plaintiffs of the sum of $7,000. She alleges that the only contract or agreement between her and the plaintiffs with respect to the land described in the complaint is contained in the deed executed by the plaintiffs by which they conveyed to her in fee simple the land described therein, and the contract executed by her by which she agreed to reconvey the said land to the plaintiffs, in accordance with the terms and provisions of said contract. She denies that it was the purpose or intention of the plaintiffs and the defendant that the relation of debtors and creditor should be created between them. She denies that the relation of mortgagors and mortgagee was created between the plaintiffs and the defendant as the result of the transaction between them with respect to the land described in the complaint. She alleges that plaintiffs having failed to exercise their option under her contract with them, with respect to said land, the said contract is now null and void.

When the action was called for trial, the plaintiffs moved for judgment on the pleadings in accordance with the prayer of their complaint. The motion was denied and plaintiffs duly excepted.

At the trial, the plaintiffs offered in evidence:

(1) A deed from the plaintiffs to the defendant, dated 21 November, 1933, and duly recorded in the office of the register of deeds of Durham County, on 21 December, 1933, in Book 109, at page 505.

By this deed the plaintiffs conveyed to the defendant, in fee simple, the land described in the complaint. The consideration recited in said deed is the sum of ten dollars, and other valuable considerations. Attached to said deed are revenue stamps in the sum of $7.00.

(2) A contract executed by the defendant, dated 21 December, 1933, and duly recorded in the office of the register of deeds of Durham County, on 21 December, 1933, in Book 109, at page 596. This contract is as follows:

"North Carolina—Durham County.

"*Know all men by these presents,* That whereas Mrs. E. Frank Lee, party of the first part, hereinafter known as the grantor, has purchased

from L. E. O'Briant and wife, Maye H. O'Briant, Earle J. O'Briant and wife, Jessie O'Briant, R. D. O'Briant and Neffie O'B. Bradsher, parties of the second part, hereinafter known as the grantees, certain property located on the south side of East Main Street, in the city of Durham, known as No. 118 East Main Street, and being more particularly described in the deed from the parties of the second part herein above named, to Mrs. E. Frank Lee, dated 21 November, 1933, and recorded in Book 109, at page 505, registry of Durham County;

"And whereas, the grantors in said deed desire the privilege or option of repurchasing said property at any time on or before the 2nd day of December, 1934;

"And whereas, it is the desire of the party of the first part to give the said L. E. O'Briant and wife, Maye H. O'Briant, Earle J. O'Briant and wife, Jessie O'Briant, and R. D. O'Briant and Neffie O'Briant Bradsher the privilege of repurchasing said property at any time on or before the 2nd day of December, 1934, but not afterwards;

"Now, therefore, in consideration of the premises, and the further sum of one dollar, the receipt of which is hereby fully acknowledged, the party of the first part does agree for herself, her heirs, administrators and assigns, that on or before the 2nd day of December, 1934, she or they will convey to L. E. O'Briant and wife, Maye H. O'Briant, Earle J. O'Briant and wife, Jessie E. O'Briant, R. D. O'Briant and Neffie O'B. Bradsher the said property, provided the above named parties have fully complied with all of the following terms:

"(1) That the parties of the second part pay in cash to Mrs. E. Frank Lee the sum of seven thousand ($7,000) dollars, with interest thereon from the 2nd day of December, 1933, at the rate of six per centum per annum on or before the 2nd day of December, 1934.

"(2) That in addition to the above named sum the parties of the second part will pay to Mrs. E. Frank Lee the sum of twelve hundred ($1,200) dollars, which shall be paid in twelve (12) equal monthly installments, the first payment to become due and payable on or before the 5th day of December, 1933, and each and every succeeding payment thereafter shall become due and payable on the 1st day of each succeeding month.

"If the parties of the second part shall become as much as thirty (30) days in arrears in making any such payment, then the party of the first part shall be under no obligation to reconvey the property under the terms of this option, and this agreement shall be void. Should the parties of the second part desire to exercise this option before the 2nd day of December, 1934, the entire twelve hundred ($1,200) dollars provided for in this section shall become due and payable. However, any interest due on any of the items required to be paid by the parties of the second part may be offset by this item of twelve hundred ($1,200) dollars.

"(3) That the parties of the second part repay to the grantor any sums advanced for insurance, taxes or expenses for necessary upkeep and repairs on the property, together with interest from the date of such advancements or payments at the rate of six per centum per annum. Included in the above shall be the repayment to the grantor of the cost and expenses of the examination of the title to the property by attorneys selected by the grantor.

"The failure on the part of the grantees to pay all of the items listed above and to comply with all the conditions herein set out shall relieve the grantor from the necessity for conveying said property to the grantees, and in the event of such failure this agreement shall be null and void, and Mrs. E. Frank Lee shall be at liberty to dispose of the land to any other person, or to use it as she may desire, in the same manner as if this agreement had never been made; otherwise, this agreement to remain in full force and effect. This agreement, if not fully complied with, shall be null and void after 2 December, 1934.

"Witness my hand and seal, this the 21st day of December, 1933.

                                    MRS. E. FRANK LEE.   (Seal.)"


L. E. O'Briant, one the plaintiffs, testified in their behalf as follows:

"The deed executed by the plaintiffs, conveying to the defendant the land described in the complaint, and the contract executed by the defendant by which she agreed to reconvey to the plaintiffs the said land, in accordance with the terms and provisions of her contract, were both delivered on 21 December, 1933, in the office of plaintiffs' attorney. Upon the delivery of the deed and contract, the defendant, Mrs. Lee, delivered to the plaintiffs her check for $7,000. This closed the transaction.

"Prior to this time, I had applied to Mrs. Lee for a loan of $7,000 to the plaintiffs. They needed this sum of money to redeem the land described in the complaint from a mortgage which the plaintiffs had given on the land to the Guaranty Bond & Mortgage Corporation. The land had been sold under this mortgage but the sale had not been completed.

"After I had made two or three visits to Mrs. Lee, she agreed to make the loan to the plaintiffs. We offered to give her a mortgage on the property described in the complaint to secure the loan. This property is located on East Main Street, in the city of Durham, and is about half a block from the courthouse. It is business property and consists of a lot fronting on East Main Street 21.9 feet and running back from the street 67 feet, and a brick building of two stories. There are two store rooms on the first floor of the building. The property is worth $25,000. The amount required to redeem the property from the mortgage to the

Guaranty Bond & Mortgage Corporation was about $6,800. This amount was paid by the plaintiffs out of the loan made to them by the defendant of $7,000.

"I have been in possession of the property since the date of the deed from the plaintiffs to the defendant, in accordance with the provisions of defendant's contract. The title to the property, at the date of the deed, was in L. E. O'Briant, Earle J. O'Briant, R. D. O'Briant, and Neffie O'Briant Bradsher. I paid to Mrs. Lee the sum of $100.00 per month until the appointment by the receiver in this action by the court. Since the appointment of the receiver, I have paid same to him.

"The deed and the contract, which were prepared in accordance to the requirements of the defendant, were delivered in the office of the defendant's attorney. The attorney for the plaintiffs in the transaction was present, when the papers were delivered. Both attorneys approved the papers. They were executed and delivered upon their advice. I knew that the deed was an ordinary deed of conveyance, and that it conveyed the property to the defendant in fee simple. It was my purpose in executing the deed and in accepting the contract for the reconveyance of the property to the plaintiffs, to secure a loan from the defendants to the plaintiffs in the sum of $7,000. I accepted the contract, because the plaintiffs needed the money to save their property. Mrs. Lee knew the situation of the plaintiffs. I did not like the way the papers were written, but had to have the money. Mrs. Lee refused to accept a mortgage from the plaintiffs.

"I did not tender Mrs. Lee the amount due on the loan prior to 2 December, 1934, nor did I request her to reconvey the property to the plaintiffs in accordance with her contract prior to said date. This action was begun by the plaintiffs against Mrs. Lee on 6 April, 1935."

Evidence was offered by the plaintiffs tending to show that the property described in the complaint was worth, in December, 1933, from $17,000 to $25,000.

Mrs. E. Frank Lee, the defendant, in her own behalf, testified as follows:

"I know Mr. L. E. O'Briant. The first time I had a conversation with him with respect to the property described in the complaint was early in 1933. He came to see me at my home in the city of Durham. He wanted to borrow money from me to pay off a mortgage on his property. He offered me a mortgage on the property to secure the loan. I told him that I was not interested in a mortgage, that he had not paid the taxes on the property for several years, was behind in the interest, and had paid nothing on the principal of his debt secured by the mortgage then on the property. I declined to make him a loan on the property, at that time.

"After the lapse of about a year, he came to see me again. He told me that the mortgage company was foreclosing the mortgage and he was about to lose his property. He asked me if I would be interested in buying the property. I told him that I would talk with my attorney about the matter. I later did so, and told Mr. O'Briant to see my attorney. He did so, with the result that I bought the property from the plaintiffs and signed the contract by which I gave them an option to repurchase the property. I signed the contract offered in evidence by the plaintiffs. The deed which they executed and the contract which I executed contains the only agreements between us with respect to the property described in the complaint. I refused to lend the plaintiffs the sum of $7,000, or any sum.

"In addition to the sum of $7,000, which I paid the plaintiffs for the property, I have paid taxes on the property, which were due and unpaid when I bought the property from the plaintiffs, amounting to the sum of $2,816.47. Mr. O'Briant has been in possession of the property since the date of my deed. He was in possession under my contract until the appointment of a receiver in this action. He paid me as rent for the property $100.00 per month. He was in possession for sixteen months and paid me in all $1,500. He now owes me $100.00—one month's rent.

"The plaintiffs did not request me to reconvey the property to them, or offer me any sum of money for such reconveyance prior to the commencement of this action."

The only issue submitted to the jury for their consideration was as follows:

"Was the execution and delivery of the deed executed by the plaintiffs and the agreement executed by the defendant intended as a security for the loan of money, as alleged? Answer: ............."

With respect to this issue, the court, in its charge, instructed the jury as follows: "The court instructs you, gentlemen of the jury, that the burden of this issue is on the plaintiffs, L. E. O'Briant and others, and that before you can answer this issue 'Yes,' you must be satisfied, not merely by the greater weight or preponderance of the evidence, but the plaintiffs must have offered evidence which is clear, strong, and convincing, such as leaves no fair doubt that a security was intended and not a deed.

"The court instructs you that if in and after your deliberations your minds are in such a condition that you are not altogether satisfied as to what was actually intended, it will be your duty to answer this issue 'No,' and say by that answer that the paper writing remains as on its face it purports to be, a deed.

O'BRIANT v. LEE.

"The court instructs you that if there is merely a greater weight or a preponderance of evidence in favor of the plaintiffs, that alone would not be sufficient to justify your answering the issue in favor of the plaintiffs unless and until that evidence has been presented to you and constitutes evidence, clear, strong, and convincing."

The plaintiffs in apt time duly excepted to the foregoing instructions. The jury answered the issue "No."

From judgment in accordance with the verdict, and admissions at the trial, the plaintiffs appealed to the Supreme Court, assigning as error the refusal of their motion for judgment on the pleadings and the instructions of the court in its charge to the jury.

*Bennett & McDonald and James R. Patton for plaintiffs.*
*Hedrick & Hall and L. P. McLendon for defendant.*

CONNOR, J. It does not appear on the face of the pleadings in this action that the relation of creditor and debtors existed between the defendant and the plaintiffs at the date of the delivery of the deed executed by the plaintiffs, conveying the land described in the complaint to the defendant, and of the contract executed by the defendant by which she agreed, at the option of the plaintiffs, to reconvey to them the said land, upon their payment to her of certain sums of money, in accordance with the terms and provisions of said contract, nor does it so appear on the face of the deed and contract, which are by reference made a part of the pleadings, and which for the purposes of this action must be construed as if they were one instrument. The allegation to that effect in the complaint is denied in the answer. An issue of fact is thus raised on the pleadings for the jury.

For this reason there was no error in the refusal of the court to allow the motion of the plaintiffs for judgment on the pleadings in accordance with the prayer of their complaint. Such refusal is in accord with the law as stated in 41 C. J., section 81 (3), at page 321, as follows:

"When the grantor in an absolute deed at the same time takes back from the grantee a written contract giving the former a certain length of time in which to redeem the premises by paying the amount of the debt, or the consideration for the deed, and binding the latter to reconvey on such redemption, the two papers together constitute a mortgage. And the effect of the transaction is not altered by the fact that the contract specifically limits the time for redemption, and makes the time an essential element in the right to redeem. But if the contract leaves it entirely optional with the grantor to redeem or not, and does not bind him to effect a redemption according to the agreement, it is rather to be held a conditional sale than a mortgage."

This statement of the law applicable to plaintiffs' assignment of error with respect to the refusal of the court to allow their motion for judgment on the pleadings is supported by numerous cases cited in the notes, among others *Porter v. White,* 128 N. C., 42, 58 S. E., 24. See, also, *Robinson v. Willoughby,* 65 N. C., 520, where it was held that when a debtor conveys land to a creditor by deed absolute in form, and at the same time gives his note for the amount of his debt, and takes from his grantee a bond for title upon his payment of the note, such transaction is a mortgage. Where, however, there is no relation of creditor and debtor between a grantor and a grantee in a deed absolute in form, and the grantee contemporaneously with the delivery of the deed, agrees in writing to reconvey to the grantor the land conveyed to him by the deed, upon the payment to him of a certain sum of money by his grantor, such transaction will not be held a mortgage as a matter of law or equity. "The mere execution of a deed absolute on its face and of a bond for a reconveyance of the premises upon certain conditions, does not of itself stamp the transaction as a mortgage. That character attaches to it only when it was intended as a form of security for a debt or a loan, and if it is shown that the parties intended an absolute sale of the property, with a mere right to repurchase, that intention must govern. Such intention may be manifested on the face of the papers or inferred from circumstances. If the agreement for reconveyance expressly recites that the transaction is not intended as a mortgage, this is conclusive. In the absence of such a declaration, the test must be found in the character of the consideration. If it is a debt which the grantor is bound to pay, which the grantee might collect by proper proceedings, and for which the deed for the land is to stand as security, the transaction is a mortgage; but if it is entirely optional with the grantor to pay the money and receive a reconveyance, he has not the rights of a mortgagor, but only the privilege of repurchasing the property." 41 C. J., section 87, page 325.

The contention of the plaintiffs on their appeal to this Court from the judgment of the Superior Court in this action that there was error in the instructions of the trial court to the jury with respect to the character of the evidence and the degree of proof which the law requires to justify an affirmative answer by the jury to the issue submitted by the court, must be sustained.

In *Williams v. Building & Loan Association,* 207 N. C., 362, 177 S. E., 176, it is said by *Schenck, J.:*

"In this jurisdiction there are three degrees of proof required of the party upon whom the *onus probandi* rests. First, in ordinary civil actions, the burden is to satisfy the jury by the greater weight of the evidence; and, second, in certain cases of an equitable nature, such as

26—212

where it is sought to reform a written instrument, or prove the terms of a lost will, or to impeach the probate of a married woman's deed, the burden is to establish the contention by clear, strong and cogent proof; third, in criminal actions the burden is to show the guilt of the accused beyond a reasonable doubt. *Ellett v. Ellett,* 157 N. C., 161, 72 S. E., 861; *Montgomery v. Lewis,* 187 N. C., 577, 122 S. E., 374. The first phrase, 'greater weight of the evidence,' has been universally explained by 'the preponderance of the evidence,' *Supply Co. v. Conoly,* 204 N. C., 677, 169 S. E., 415; the second phrase, 'clear, strong and cogent proof,' by evidence which 'should fully convince,' *Lumber Co. v. Leonard,* 145 N. C., 339, 59 S. E., 134; and the third phrase, 'beyond a reasonable doubt,' by 'to a moral certainty,' *S. v. Schoolfield,* 184 N. C., 721, 114 S. E., 466."

In *Ricks v. Brooks,* 179 N. C., 204, 102 S. E., 207, it is said by *Walker, J.:*

"We may as well state in the beginning that this is not an action for the correction of a deed, or for its reformation, and the doctrine as to the quantity of proof required in such a case does not apply, and the contention of the defendant in this respect cannot be sustained.

"In an action for reformation it must be alleged and shown, by evidence clear, strong and convincing, that the instrument sought to be corrected failed to express the true agreement of the parties, because of a mistake common to both parties, or because of the mistake of one party induced by the fraud or inequitable conduct of the other party, and that by reason of ignorance, mistake, fraud or undue advantage something material has been inserted, or omitted, contrary to such agreement, and the intention of the parties. *Ray v. Patterson,* 170 N. C., 226, 87 S. E., 212; *Newton v. Clark,* 174 N. C., 393, 93 S. E., 951. But this rule does not apply when the purpose is not to reform, but to set aside the instrument for fraud, undue influence or upon other equitable ground. *Poe v. Smith,* 172 N. C., 67, 89 S. E., 1003, and *Boone v. Lee,* 175 N. C., 383, 95 S. E., 659, citing *Harding v. Long,* 103 N. C., 1, 9 S. E., 445."

The instant action is not of an equitable nature, it is not to reform or correct a written instrument, upon the ground that by reason of mistake of the draftsman, or of one of the parties induced by the fraud of the other, the instrument fails to express the true intention of the parties. There is no allegation in the complaint nor was there any contention at the trial to that effect. It is alleged in the complaint and was contended by the plaintiffs at the trial that the true intention of the parties to the deed and to the contract was that both should constitute a mortgage securing a loan made contemporaneously with the execution of both instruments by the defendant to the plaintiffs. This allegation was denied in the answer.

The issue raised by this allegation and denial was submitted to the jury. It involves only a question of fact, to wit, the true intention of the parties. The burden of the issue was on the plaintiffs to satisfy the jury of the truth of their allegation, by the greater weight or preponderance of the evidence. No greater degree of proof was required of them. There was error in the instructions to the contrary.

For this error the plaintiffs are entitled to a new trial. It is so ordered.

New trial.

STACY, C. J., dissents on the ground that any error committed in the trial of the cause was harmless, as the intention of the parties is a matter for the court—the agreement being in writing; and, on the undisputed facts, the plaintiffs are not entitled to recover. *King v. Davis,* 190 N. C., 737, 130 S. E., 707; *Barkley v. Realty Co.,* 170 N. C., 481, 87 S. E., 219.