IN THE MATTER OF: HEAVEN ANGEL LEIGH SMITH, MACKENZIE MITCHELL COREY VAN EATON, KRISTINA WHITLEY SADE VAN EATON, TRISTAN MIELEL DANTE VAN EATON

No. COA00-1170

(Filed 18 September 2001)

**1. Child Abuse and Neglect— adjudication of neglect—sufficiency of evidence**

The trial court erred by finding that respondent mother neglected her four children within the meaning of N.C.G.S. § 7B-101(15) based on a finding that the four children on and about 20 May 2000 were living in a mobile home without water or electricity and with very little food, because: (1) there was no evidence the children lived in the mobile home after February 2000, the date the mother moved with them to Ohio; and (2) the evidence revealed that the children lived with either their father, the children's relatives, or with the mother in the Surry County Women's Shelter after their return from Ohio and prior to the entry of the nonsecure orders.

**2. Child Abuse and Neglect— adjudication of neglect—adequate housing—sufficiency of evidence**

The trial court erred by finding that respondent mother neglected her four children within the meaning of N.C.G.S.

**IN RE SMITH**

[146 N.C. App. 302 (2001)]

§ 7B-101(15) based on a finding that there was insufficient housing for the children, because the evidence revealed the mother made arrangements for adequate housing on each occasion when she was unable to provide housing for her children.

Appeal by respondent mother from orders filed 14 August 2000 by Judge Charles M. Neaves, Jr. in Surry County District Court. Heard in the Court of Appeals 21 August 2001.

*Francisco & Merritt, by H. Lee Merritt, Jr., for petitioner-appellee Surry County Department of Social Services.*

*Kim Grabs guardian ad litem.*

*Donnelly & Bowen, by Heather J. Bowen, for respondent mother-appellant.*

GREENE, Judge.

Crystal Smith Van Eaton (the mother) appeals juvenile adjudication orders filed 14 August 2000 finding her to have neglected her four minor children.

In February 2000, the mother and her children moved from North Carolina to Ohio. Upon their return to North Carolina on 14 May 2000, the mother was placed in the custody of the Sheriff of Surry County for seven days. During this period, the children stayed with their father, Gary Van Eaton, during the day and with relatives at night. After the mother's release on 21 May 2000, she and her children resided with an aunt for a couple of days.

On 22 May 2000, while the children's parents were removing their personal items from a mobile home in which they previously resided, a social worker arrived and noted there was no electricity, water, or food in the home. There also was no evidence the children had resided in the home since February 2000.

On 25 May 2000, the mother asked the Surry County Department of Social Services (DSS) for housing assistance. DSS arranged temporary shelter at the Surry Women's Shelter for the mother and her children. The next day, however, the mother was arrested, and she requested DSS take custody of her children for the duration of her incarceration. On 30 May 2000, DSS filed juvenile petitions alleging neglect of the four children, and pursuant to nonsecure custody orders, the children were placed in foster care.

On 30 June 2000, an adjudication hearing was conducted by the trial court. The trial court found the parents were living in a mobile home with the children on and about 22 May 2000 and there was no water, no electricity, and very little food in the home. The trial court also found that on 26 May 2000, the date of the mother's second incarceration, "there was not sufficient housing for the four children." The trial court concluded the children were neglected within the meaning of section 7B-101(15), and in four separate disposition orders, directed custody of the children remain with DSS.

The issues are whether the evidence supports: (I) the finding that the four children were, on and about 22 May 2000, living in a mobile home without water or electricity and with very little food; and (II) the finding that on 26 May 2000 "there was not sufficient housing for the four children."

A trial court's findings of fact are deemed conclusive, even where some evidence supports contrary findings, if they are supported by clear and convincing competent evidence. *See In re Helms*, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997); N.C.G.S. § 7B-805 (1999). Clear and convincing evidence "is greater than the preponderance of the evidence standard required in most civil cases." *In re Montgomery*, 311 N.C. 101, 109-10, 316 S.E.2d 246, 252 (1984) (citation omitted). It is defined as "evidence which should 'fully convince.'" *Williams v. Blue Ridge Bldg. & Loan Ass'n*, 207 N.C. 362, 364, 177 S.E. 176, 177 (1934) (citation omitted).

I

[1] In this case, there simply is no evidence the children lived in the mobile home after February 2000, the date the mother moved with them to Ohio. After their return from Ohio and prior to the entry of the nonsecure orders, the evidence reveals the children lived with either their father (in some place other than the mobile home), the children's relatives, or with the mother in the Surry Women's Shelter. Accordingly, this finding is not supported by clear and convincing evidence.

II

[2] Moreover, the record does not support the finding that there was "not sufficient housing" for the children. The evidence instead reveals the mother made arrangements for adequate housing on each occasion she herself was unable to provide housing for her children.

**IN RE SMITH**

[146 N.C. App. 302 (2001)]

During the seven days she was in the custody of the Surry County Sheriff's Department, the children were cared for by their father and some of the children's other relatives. When the mother was released from custody, she and her children lived with an aunt for a few days and then in the Surry Women's Shelter. Upon the mother's second incarceration, she asked DSS to take custody of the children and they were placed in foster care. There is no evidence the children were ever without adequate housing. Accordingly, this finding is not supported by clear and convincing evidence.

Since the relevant findings are not supported by the evidence, the trial court's conclusion of neglect cannot survive. *See Helms*, 127 N.C. App. at 511, 491 S.E.2d at 676. It follows that the adjudication of neglect must be reversed.

Reversed.

Judges CAMPBELL and BRYANT concur.